Filed April 19, 1889.

---

No. 12,830.

## WISEHART v. HEDRICK ET AL.

MORTGAGE.—*Representation of Title.—Estoppel.*—One who represents to a third person, upon inquiry, that he has sold certain land to another, who is in possession thereof, and that the latter has sufficient title to support a mortgage to secure money which he proposes to borrow from the inquirer, is estopped, in a suit to foreclose a mortgage taken in reliance upon his representations, to deny that the mortgagor had title.

118    341
124    598
126    321
118    341
136    101
118    341
140    258
118    341
144     74
118    341
154    270
118    341
157    589

SAME.—*Fraud.—Preconceived Design.*—An estoppel may arise where there is no preconceived design to deceive or mislead; the fraud consists in denying a representation upon which another has acted, and the repudiation of which will entail loss upon him.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.

*G. L. Swann, J. M. Brown* and *R. Warner,* for appellees.

ELLIOTT, C. J.—The appellant's complaint is founded upon a note and mortgage executed to the appellant by the appellee Watkins. Hedrick was made a party defendant because he claimed an interest in the mortgaged premises, and he answered the complaint. The first paragraph of his answer is the general denial.

The second paragraph alleges that he was the owner of the land prior to the execution of the mortgage, and that he did not execute it nor receive any part of the consideration for which it was executed. The third paragraph alleges that he entered into a contract with the mortgagor, Watkins, wherein it was agreed that he should, upon the payment of a designated consideration in property and money by Watkins, convey to him the land described in the mortgage; that no part of the consideration was paid, and, on the 27th day of December, 1883, Watkins surrendered all claim and right to the land. The reply of the appellant contains these material allegations : That the note set forth in the complaint was executed for money loaned to Watkins; that, prior to making the loan, Watkins informed the plaintiff that he had purchased the land; that he was in possession of it, and was erecting a house thereon ; that, before the plaintiff made the loan, he notified Hedrick that Watkins desired to borrow the money, and proposed to secure its payment by a mortgage on the land; that Hedrick then informed the plaintiff that he had sold the land to Watkins, and that Watkins had "a sufficient title to the property and a sufficient interest therein to make the mortgage good, and that he could, so far as he,

Hedrick, was concerned, take the mortgage, and it would be good;" that Hedrick also represented to the plaintiff that "Watkins had a sufficient interest in the property, and had so far paid for it that it would be good security for the loan about to be made, and any residue of the purchase-money that Watkins might owe him; that the plaintiff relied upon the statements and promises so made by Hedrick, and was ignorant of the nature of the contract between Hedrick and Watkins as to the amount of the purchase-money paid, or to be paid, by Watkins for the land.

It is important to observe that the answer does not proceed upon the theory that Hedrick has a vendor's lien, but upon the theory that he has the whole title and has it free from the lien of the appellant's mortgage. If Hedrick's answer asserted a right to enforce his vendor's lien we should have an entirely different case, but this is not what it asserts, for it asserts an absolute title, thus seeking to cut off the appellant's right as a junior encumbrancer. The purpose of the answer is not to establish a paramount lien, but to establish a title which shall divest the mortgagee of any lien at all. The question, therefore, is: Does the reply state such facts as avoid the claim of Hedrick to the ownership of the whole title, free from any lien of the appellant's mortgage? We think it does. We regard it as clear, from the facts pleaded, that the mortgagor had an interest in the land which was subject to mortgage, and that Hedrick is estopped to deny that the mortgagor did have such an interest. We do not hold that Hedrick may not have an enforceable vendor's lien which is paramount to appellant's mortgage, but we do hold that he can not be heard to say that the mortgagor had no interest in the land which he could convey by mortgage.

If Watkins did have an interest in the land which he had a right to mortgage, then no agreement between him and Hedrick could deprive the mortgagee of his lien. As Hed-

rick represented that the mortgagor did have such an interest, and that representation induced the appellant to make the loan, the representation can not be withdrawn or gainsaid to the injury of Wisehart.

The representation that Watkins did have title is the important one, for if he did have title, the mortgage fastened upon it, subject to prior equities, and the lien thus created could not be displaced by any subsequent agreement between the mortgagor and his vendor, for, whatever the interest of the mortgagor was, the lien attached to it, and the mortgagee has the right to a decree of foreclosure and to the proceeds of the sale on the decree remaining after the satisfaction of prior liens. It was not in the power of the vendor and the mortgagor to revest title in the former and shut out the intervening mortgage. Nor would it alter the case if it were true that the mortgagor did not, in fact, acquire title, since, as we have seen, the vendor can not repudiate his statements to the mortgagee. This he can not do, even though he may have had no preconceived design to deceive or mislead the appellant. An estoppel may arise where there is no previously formed design to defraud, for the fraud which the law condemns consists in denying a representation upon which another has acted and the repudiation of which will entail a loss upon him. *Anderson* v. *Hubble*, 93 Ind. 570 (47 Am. Rep. 394); *Ward* v. *Berkshire L. Ins. Co.*, 108 Ind. 301; *Quick* v. *Milligan*, 108 Ind. 419, 421; *Kelley* v. *Fisk*, 110 Ind. 552, and cases cited, p. 554. As the appellee Hedrick can not be allowed to deny that the mortgagor had title, he is not in a situation to defeat the foreclosure of the mortgage, although he may, perhaps, have a right to a decree establishing his vendor's lien and its priority. The appellant has, at all events, a right to have the property sold and to the avails of the sale remaining after the satisfaction of prior liens, and what that will be can not be determined for

·him by the mortgagor and his vendor, but must be ascertained by a decree and sale made under authority of law.

