Filed Dec. 14, 1893.

---

No. 16,315.

DUCKWALL ET AL. *v.* KISNER ET AL.

ESTOPPEL.—*Real Estate of Wife.—Legal Title in Husband.—Equitable Title in Wife.—Joinder in Mortgage of Same by Husband and Wife.—* Where a partition deed was made to lands held in common, by descent, by four heirs, and the partition deed as to one of the heirs was made in the name of her husband without her knowledge or consent, and without consideration, and afterwards the wife joins with her husband in the execution of a mortgage on such lands, then knowing that the title to the lands mortgaged was in the name of her husband, and knowing that the mortgagee was relying upon the ownership of her husband, and was parting with his money upon such reliance, the money being paid to the husband in the presence of the wife, the wife giving no notice or information that she held or claimed any interest in the lands mortgaged, and the mortgagee having no knowledge of any such interest in the wife,—such facts and circumstances constitute an estoppel *in pais* against the wife, in an action to foreclose the mortgage.

JUDGMENT.—*When Collectible Without Relief, etc.—Special Finding.—Promissory Note.—Mortgage.—*Where a special finding of facts, in an action on a note and to foreclose a mortgage, discloses the absence of any finding that the note or mortgage stipulated that the debt should be collectible without relief from valuation or appraisement laws, a judgment that the indebtedness should be collectible without relief from valuation and appraisement laws is erroneous.

From the Miami Circuit Court.

*L. Walker, W. B. McClintic* and *J. Mitchell,* for appellants.

*G. W. Stults, C. W. Watkins, L. P. Milligan, O. W. Whitelock* and *S. E. Cook,* for appellees.

HACKNEY, J.—The appellee, Kisner, sued to foreclose

two mortgages executed by the appellants to secure notes executed by John Duckwall. The co-appellees of Kisner were made defendants to answer as to their interests.

The second answer of Lydia Duckwall was that she became the owner, by descent, of an interest in a body of land of which the tract mortgaged was a part; that she and the other tenants in common of said body of land, a brother and two sisters, made partition deeds; that the deed to that interest which should have been conveyed to her was made to and in the name of her husband, the said John Duckwall, without consideration and without her knowledge or consent, thereby placing the legal title to the undivided three-fourths of her said interest in her husband and leaving her the owner, by virtue of the descent aforesaid, of an undivided one-fourth of said interest; that said deed was so executed on the 1st day of July, 1851, and the title so conveyed remained in her husband without any knowledge on her part, until after the present suit was instituted.

It is also alleged that the debt, to secure which the mortgages in suit were executed, was for money borrowed for the exclusive use and benefit of her husband, no part of the same having been received by her. The theory of this answer was that she should maintain an ownership, adverse to the mortgages, by reason of the trust relation arising from the conveyance to her husband of the undivided three-fourths of the land mortgaged, and to the undivided one-fourth by descent from her father.

The only pleading, the sufficiency of which is in question, is the second paragraph of the reply of Kisner to this answer. It alleges that John Duckwall held possession of the lands from 1851 until the execution of said mortgages under a deed of record therefor and by the legal title thereto; that when said mortgages were exe-

cuted the said Lydia was present and joined her husband in the execution thereof, then well knowing that the title to the lands mortgaged was in the name of her husband, and then knowing that Kisner was relying upon the ownership of her husband, and was parting with his money upon that reliance; that in her presence and with her knowledge said money was paid to John Duckwall without objection by her and upon her failure to give Kisner any notice or information that she held or claimed any interest in said lands, and that Kisner then had no knowledge of any claim of ownership by said Lydia in said lands.

The theory of this reply was that Lydia was estopped to deny the ownership of her husband as against Kisner. While its sufficiency as such is attacked, no authority has been cited lending support to the contention.

There is no doubt, upon principle and the decisions of this court, that a married woman may be estopped by acts *in pais* in cases involving her equitable title to real estate. *Catherwood* v. *Watson,* 65 Ind. 576; *Gifford* v. *Bennett,* 75 Ind. 528; *Anderson* v. *Hubble,* 93 Ind. 570; *Kelley* v. *Fisk,* 110 Ind. 552; *Michener* v. *Bengel,* 135 Ind. 188, 34 N. E. Rep. 664; *Minnich* v. *Shaffer,* 135 Ind. 634, 34 N. E. Rep. 987.

The rule applied in the cases cited is but the general rule that one may not stand by and permit another to invest on the strength of an adverse claim of title or may not permit another to remain clothed with the *indicia* of ownership by which third persons are misled in their investments. Though such conduct is not in itself fraudulent, the law holds it a fraud, after such conduct, to deny the results which have flown from such conduct. *Hirsch* v. *Norton, Admr.,* 115 Ind. 341; *Wisehart* v. *Hedrick,* 118 Ind. 341; *Maxon* v. *Lane,* 124 Ind. 592, and the numerous cases cited in each.

The principle underlying the rule is that where one of two, even innocent persons, must suffer by the act of a third, he must suffer whose conduct has made it possible to do the act.

The reply states facts which, under the authorities cited and upon the principles stated, create an estoppel against the appellant Lydia Duckwall.

It is further insisted that the reply purports to meet the entire answer, while it covers but three-fourths of the land included in the mortgage and sought to be excused by the answer. This contention proceeds upon an erroneous construction of the pleading. The reply clearly pleads legal title to all of the land in John Duckwall, and applies the facts alleged to no separate interest, but to the whole. In considering the sufficiency of the reply, we can not look into an abstract of title contained in the record and not made a part of some of the pleadings.

The court found the facts specially, and stated conclusions of law therefrom. From the facts so found, it appears that after the execution of the mortgages in suit the appellants conveyed to Alvin L. Wickler an interest in the lands mortgaged, in the deed for which it was stipulated that the conveyance was made "subject to one-half of Edward Kisner's mortgage, of about $8,300, which grantee agrees to pay as part of the purchase money."

One of the conclusions of law to which the appellants except was that the lands of appellants be sold for the payment of the debt before proceeding against the lands of Wickler. It is urged that upon the stipulation in the deed to Wickler it should have been found as a conclusion of law, that his land bear primarily one-half of the debt, and that to hold otherwise would permit him to escape paying for the land purchased by him. In this contention counsel overlook the further findings of fact

that Kisner at no time accepted the obligation of Wickler; that he sought no personal judgment against him; that any such judgment was expressly waived upon the trial, and that the appellants, after said conveyance to Wickler, held a settlement as to said purchase-money, whereby they accepted his promissory notes and received considerable sums therefrom.    In view of these findings, Kisner was not obliged to pursue Wickler personally; without having done so, the lands first liable were those held by John Duckwall, and thereafter the lands in the inverse order from that in which they were sold.    Any other conclusion would have resulted in requiring Wickler to pay the debt of Duckwall upon an obligation to Duckwall which had been otherwise discharged.

As to the first of the two mortgages in suit, the court found that the undivided one-fourth of such of the mortgaged lands as had not been sold to Wickler and to Gottschalk should be exempted from sale as the property of said Lydia.    Such is the construction of the finding and judgment of the court by the appellee, and we adopt that construction.    It will, therefore, be observed that she is in no position to complain of the conclusion, if we are correct in holding her estopped as to that portion of the lands the legal title to which was in John Duckwall when the mortgages were executed.

As to the second of the mortgages in suit, the entire lands are held subject, not under the estoppel pleaded in the second reply, but under the third paragraph of reply alleging an estoppel against Lydia by the facts that the loan secured was obtained to pay prior valid and subsisting liens upon the land made for the use and benefit of said Lydia.    Neither the sufficiency of this reply nor the sufficiency of the evidence to support it, nor the correctness of the conclusion as applied to that reply, is discussed by counsel, and is therefore deemed waived.

It is urged finally that it was error to have concluded upon the facts found that the plaintiff should recover the sums due without relief from valuation or appraisement laws.   This contention can only affect the personal judgment against John Duckwall, and in no respect can disturb the interests of other parties.   Indeed, no other party than the appellants, John and Lydia Duckwall, questions the propriety of the findings and conclusions in this respect, and as to Lydia no suggestion is made as to their effect upon her rights.

Reference to the findings of fact discloses the absence of any finding that the notes or mortgages stipulated that the debt should be collectible without relief from valuation or appraisement laws.   The conclusion and judgment that the indebtedness should be collectible without relief from valuation and appraisement laws were, therefore, erroneous.

To order a restatement of the conclusions of law and judgment in accordance with the conclusions so restated would probably result in hardship upon the appellee Kisner, and an undue advantage to John Duckwall.   To order a new trial would unsettle and require a retrial of issues upon which no dispute has arisen under the findings.

In view of these difficulties and upon the precedent of *Jarboe* v. *Brown*, 39 Ind. 549, the judgment of the circuit court is reversed, with instructions to grant a new trial as to John Duckwall, unless the appellee, Kisner, shall file, within forty-five days from the certification of this opinion to the lower court, his consent to a restatement of the conclusions of law, in accordance with this opinion as to the one question that the debt is collectible with relief from valuation and appraisement laws.

In the event of such filing by the appellee Kisner, the circuit court is instructed to restate its conclusions of

law in accordance with the findings of fact and in accordance with this opinion, and to render judgment thereon accordingly.

As to Lydia Duckwall, the judgment of the lower court is affirmed.

