Brandis *v.* Grissom.

---

## BRANDIS ET AL. *v.* GRISSOM.

### [No. 3,722.    Filed May 17, 1901.]

APPEAL AND ERROR.—*Assignment of Error.—New Trial.*—The refusal to grant a trial by jury is a cause for a new trial and cannot properly be made the subject of an independent assignment of error on appeal. *p. 662.*

INJUNCTION.—*Trial by Jury.*—An action to enjoin defendant from leaving gates open erected across a right of way is properly triable by the court. *p. 662.*

APPEAL AND ERROR.—*Pleading.—Formal Defects.*—Objections to a complaint which go to the form rather than the substance and which could not have affected the substantial rights of defendants are not available on appeal. *pp. 662, 663.*

SAME.—*Pleading.—Complaint Attacked for First Time on Appeal.*— When facts are averred from which an omitted fact may be supplied by reasonable intendment, the complaint will not be held bad after verdict upon an original attack on appeal; but where the sufficiency of a complaint is challenged because of the omission of an essential fact, it must be held bad. *pp. 663, 664.*

JUDGMENTS.—*Motion to Modify.—Void Judgment.*—A motion to modify a judgment is necessary when it is defective in form, does not follow the verdict or finding, or is greater than the party is entitled to, but such motion is not necessary where plaintiff was entitled to no judgment against defendant under the averments of the complaint. *p. 664.*

From the Vanderburgh Superior Court. *Affirmed in part, reversed in part.*

*C. L. Wedding,* for appellants.

*S. R. Hornbrook* and *W. M. Wheeler,* for appellee.

COMSTOCK, J.—In this action a complaint in one paragraph was filed prior to December 13, 1898. That paragraph was dismissed February 4, 1899. On December 13th a second paragraph was filed, upon which a trial was had and judgment rendered against appellants, who were defendants below. This paragraph sought to enjoin the appellants from leaving open three gates erected across a right of way upon real estate described in the complaint. The trial resulted in a judgment against appellant William E. Brandis for $5, and against both appellants perpetually enjoining them or their successors or grantees from leaving open the gates in question during certain months of the year.

Each appellant assigns as error (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling the motion for a new trial; (3) that the court erred in refusing the appellant a trial by jury.

The third specification of errors presents no question, because the refusal to grant a trial by jury is a cause for a new trial and can not be properly made the subject of an independent assignment. *Childers* v. *First Nat. Bank,* 147 Ind. 430, and authorities there cited. Neither is the question presented by the motion for a new trial, it not being set out as one of the reasons therefor. But, if properly presented, the assignment would be unavailing, for the cause was properly triable by the court. *Whitlock* v. *Consumers Gas Co.,* 127 Ind. 62.

In discussing the sufficiency of the complaint, it is argued in behalf of the appellants that it is without all the essential requisites of a complaint under the statute. It is specified that it fails to comply with the first requirement of the statute (§338 R. S. 1881 and Horner 1897), that a complaint

shall specify the name of the court and county in which the action is brought; that the complaint in question does not give the name of the court or county in its title of the case, and does not specify who is plaintiff or defendant. The first page of the transcript is as follows: "State of Indiana, Vanderburgh county: In the Superior Court of Vanderburgh county. John R. Grissom v. William E. Brandis, Maria Brandis. Be it remembered that on December 13, 1898, the plaintiff filed in said court his second paragraph of complaint in the above entitled cause which second paragraph of complaint is in the words and figures following to wit: John R. Grissom v. William E. Brandis, Maria Brandis. The plaintiff for his second paragraph of complaint against the defendant says:" etc. Appellant answered without demurring to the complaint. The objections made go to the form rather than the substance. The defects enumerated could not have affected the substantial rights of the defendants and should not avail appellants upon appeal. §338 R. S. 1881 and Horner 1897.

Other objections made to the complaint by counsel for appellant Maria Brandis are more serious. The only reference made in the complaint to the last named appellant is that she owns the real estate over which the right of way passes and claims some interest in the controversy. The complaint asks for relief against the appellants, but proceeds against William E. Brandis alone. It alleges that he committed the acts complained of and threatened their continuance, but contains no allegation of acts or threats upon the part of the other appellant. No facts are stated constituting a cause of action against her. Counsel for appellee meet the objections to the complaint with the propositions that Maria Brandis, as owner of the real estate, was properly made a party to the action under §269 Burns 1894; and that as the court would have permitted amendment to be made to conform to the proof, the complaint will be considered as amended. Both appellants were proper parties, still facts must be stated showing a cause of action against each.

As to the second proposition the authorities go only to the extent that when facts are averred from which an omitted fact may be supplied by reasonable intendment the complaint will not be held bad after verdict upon an original attack upon appeal; but where the sufficiency of a complaint is challenged because of the omission of an essential fact, it must be held bad. In Elliott's Appellate Procedure, §471, the rule is thus stated: "The general rule that objections not presented to the trial court are unavailing on appeal applies, with one important exception, to pleadings. It would seem, on principle and independent of statute, that where a complaint or declaration wholly fails to state a cause of action the judgment should not be allowed to stand, for it is difficult, if not impossible, to conceive how a judgment can stand where there is no actionable wrong, and, surely, there can be none where there is no cause of action." See, also, Ewbank's Manual, §287, and authorities cited.

Counsel for appellee argue that the judgment against Maria Brandis should not be void because no motion was made to modify the judgment of the trial court. It is true that objections to a judgment can not be successfully raised for the first time upon appeal. A motion to modify a judgment is necessary when it is defective in form, does not follow the verdict or finding, or is greater than the party is entitled to. But in the case before us plaintiff on the complaint was entitled to no judgment against Maria Brandis. Numerous authorities are collected in *Jarrell* v. *Brubaker,* 150 Ind. 260, 271.

It is not necessary to consider the second specification of errors.

As to appellant William E. Brandis we find no error, and as to him the judgment is affirmed. As to appellant Maria Brandis, the judgment is reversed, with instructions to sustain her demurrer to the complaint, and for other proceedings not inconsistent with this opinion.