## TIMMONDS ET AL. *v.* TAYLOR.

[No. 7,225. Filed October 31, 1911.]

1. PLEADING.—*Complaint.—Sufficiency.—Demurrer.—Special Findings.—Conclusions of Law.*—The overruling of a demurrer to a complaint need not be considered on appeal, where the exceptions to the conclusions of law upon the special findings present the same questions. p. 533.

2. TRIAL.—*Conclusions of Law.—Exceptions.—Special Findings.*—An exception to the conclusions of law admits, for the purposes of such exception, that the facts were correctly found. p. 535.

3. SPECIFIC PERFORMANCE.—*Contract to Convey Real Estate.—Possession.*—An oral contract by a father to purchase real estate for his daughter will be specifically enforced, where she was put

in possession under the contract, where the purchase price was paid, and where the father repudiated the contract. p. 535.

4. SPECIFIC PERFORMANCE.—*Contracts.—Demand.—When Unnecessary.*—Where the vendor repudiates his contract to convey, or places himself in a position which would render a demand unavailing, no demand is necessary before bringing a suit for specific performance. p. 536.

5. SPECIFIC PERFORMANCE.—*Refusal to Perform Contract.—Demand.* —Where the contract fixes the time for making a conveyance upon payment of the purchase price, a failure to make the conveyance perfects the purchaser's right to compel the performance of the contract. p. 536.

6. FRAUDS, STATUTE OF.—*Contracts to Convey Real Estate.*—The fifth clause of §7462 Burns 1908, §4904 R. S. 1881, providing that "no action shall be brought in any of the following cases: * * * Fifth. Upon any agreement that is not to be performed within one year from the making thereof," does not apply to an oral contract that might be performed within one year, nor to any contract concerning real estate. p. 537.

From Clark Circuit Court; *Thomas B. Buskirk,* Special Judge.

Suit by May F. Taylor against Maria B. Timmonds and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Henry A. Burtt, James E. Taggart* and *J. K. Marsh,* for appellants.

*Laurent A. Douglass,* for appellee.

ADAMS, J.—Action by appellee against appellants to enforce the specific performance of a contract entered into between the husband of appellee and appellant Richard H. Timmonds, for the conveyance to appellee of certain real estate in the city of Jeffersonville. There was a trial by the court, and, upon request, a special finding of facts was made, and conclusions of law were stated. A decree was entered on the conclusions of law in favor of the appellee, and a commissioner was appointed to execute a deed, conveying to appellee the interests of appellants in said real estate.

Exceptions were taken separately by appellants to each conclusion of law. The complaint is in one paragraph, to

which appellants separately filed a demurrer for want of sufficient facts, which demurrers the court overruled. These rulings constitute the first error assigned. The other errors assigned and relied on for reversal arise on the separate exceptions of appellants taken to each conclusion of law, and the overruling of the separate motion of each appellant for a new trial.

It is unnecessary to consider the overruling of a demurrer to a complaint, where the court finds the facts and states conclusions of law thereon, and where the exception

1. to the conclusions of law, upon the facts found, presents the same question as the demurrer to the complaint. *Fry* v. *Hare* (1906), 166 Ind. 415; *Board, etc.,* v. *Wolff* (1906), 166 Ind. 325; *Ross* v. *Van Natta* (1905), 164 Ind. 557; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202; *Philip Zorn Brewing Co.* v. *Malott* (1898), 151 Ind. 371; *Runner* v. *Scott* (1898), 150 Ind. 441; *Woodward* v. *Mitchell* (1895), 140 Ind. 406; *Eisman* v. *Whalen* (1907), 39 Ind. App. 350; *Chicago, etc., R. Co.* v. *Yawger* (1900), 24 Ind. App. 460.

The facts as found by the court, are, briefly, as follows: Appellee is a daughter of appellant Richard H. Timmonds, and a step-daughter of appellant Maria B. Timmonds. In September, 1904, appellee was and still is the wife of Harvey Taylor. In September, 1904, appellee's father was engaged in the plumbing business in the city of Jeffersonville, and his wife, appellant Maria B. Timmonds, was his bookkeeper and the general office manager of the business. At said time, Richard H. Timmonds, with the knowledge and consent of his wife, entered into a contract with appellee's husband, whereby said Timmonds agreed to purchase a house and lot for appellee, as a home for herself and children, in consideration that her husband would work for him as a plumber at the rate of $1.25 a day, instead of $2.50 or $3 a day. Said husband was at that time a competent plumber, and the wages then paid for competent plumbers in Jeffer-

sonville and vicinity was from $2.50 to $3 a day. It was agreed that the difference between the amount appellee's husband was to receive and the reasonable wages for plumbers in that vicinity was to be a credit on the purchase price of said home for appellee, until such difference paid for said home, when the property was to be conveyed to appellee. Upon the purchase of said house and lot, appellee was to be placed in possession thereof, and was to occupy it without paying any rent or taxes. Pursuant to said contract, appellee's husband entered the employ of Richard H. Timmonds on September 1, 1904, and continued therein for two years and eight months, and the difference between the wages paid, and the wages earned by him during said time amounted to the sum of $1,042.50. On October 1, 1904, appellant Richard H. Timmonds purchased for appellee the real estate in controversy, and paid therefor the sum of $535. Subsequently improvements, of the value of $203.75, were made on said property, and taxes, to the amount of $46.88, were paid thereon by appellant Maria B. Timmonds. At the time of the purchase of said real estate appellee's father caused the title thereof to be placed in the name of his wife, who now claims to own it. When said property was purchased, appellee was put in possession thereof by the appellants, under the contract made by appellee's husband and her father. During the time appellee's husband worked for her father, under said contract, appellant Maria B. Timmonds continued as general manager of the office of her husband, and knew that appellee's husband worked for $1.25 a day, and at no time, until after appellee's husband quit work, did said Maria B. Timmonds make any claim to said property, but possession was then demanded of appellee and her husband, and suit was commenced against appellee's husband for possession. In carrying out the agreement, as he did, appellee's husband acted in good faith, and had no knowledge, until after he quit work, that Maria B. Timmonds would claim ownership

of the property, or dispute his right of possession thereof for the use and benefit of his wife and children.

The court, upon the facts found, stated, as conclusions of law, that the law is with appellee; that since the contract was made by appellee's husband for her benefit, she has a right to sue thereon; that appellee entered into actual possession of the property, pursuant to the contract made between her husband and her father, and is entitled to the specific performance thereof; that by accepting the work of appellee's husband, until the difference between the amount earned and the amount paid was equal to the cost of the property, appellants are estopped from now denying the contract, or refusing to execute the deed; that appellants should specifically carry out said contract, and convey said property to appellee, and that a commissioner should be appointed to make the conveyance in the event of failure. A decree was entered for appellee in accordance with the findings, a commissioner was appointed and directed to execute the conveyance, and costs were adjudged against appellants.

When an exception is taken to conclusions of law, it is taken as admitted, for the purposes of the exception, that the facts have been fully and correctly found, and

2.    the only question is, Does the conclusion correctly state the law, assuming the facts found to be sustained by the evidence?

In this case the court found that there was a contract for the conveyance of real estate to appellee; that the contract was based on the promise of full payment; that ap-

3.    pellee was put in possession by appellants, under the contract; that the consideration was fully paid, but that appellants have repudiated the agreement. Upon such a state of facts, appellee was clearly entitled to enforce the specific performance of her contract. It is well settled that a parol agreement for the conveyance of real estate will be specifically enforced in equity, where possession has been

taken under the contract, and the consideration fully paid in reliance on the contract. *Denlar* v. *Hile* (1890), 123 Ind. 68; *Burns* v. *Fox* (1888), 113 Ind. 205; *Cutsinger* v. *Ballard* (1888), 115 Ind. 93; *Wallace* v. *Long* (1886), 105 Ind. 522, 55 Am. Rep. 222.

Appellants insist that the complaint is insufficient, for the reason that there is no averment of a demand before suit was brought. As we have seen, the action of the court in holding the complaint sufficient in this case is not material. The same question is presented on the exception to the conclusions of law; and appellants contend that a failure to find that a demand was made before bringing suit was, in effect, a finding against the party having the burden of proof, and, therefore, there was error in the statement of the conclusions of law. As a general rule, a party cannot enforce the specific performance of a contract for the conveyance of real estate until he has made a demand, and given the party bound an opportunity to carry out his contract; but the law will not require an idle ceremony, and when it appears that the party who has covenanted to make the deed denies the contract or puts himself in an attitude where a demand would be unavailing, no demand is necessary. *Burns* v. *Fox, supra; Cutsinger* v. *Ballard, supra.* In this case, appellants not only repudiated the contract, after appellee's husband had by his labor more than paid the entire cost of the property with improvements, but had brought suit for possession, had been defeated, and had taken a new trial as of right, under the statute, before this suit was brought. The facts shown in the finding do not make out a case where a demand is necessary.

Where the agreement fixed the time for making the conveyance, as in this case, upon full payment of the purchase price, it was the duty of appellants to execute a proper deed without demand, and, upon failure so to do, appellee's right of action was complete, as far as

it was affected by the question of demand. *Maris* v. *Masters* (1903), 31 Ind. App. 235.

Appellants further urge that the trial court erred in its conclusions of law, for the reason that the contract forming the basis of the suit is within the fifth subdivision of the statute of frauds (§7462 Burns 1908, §4904 R. S. 1881), in that the contract was in parol, and was not to be performed within a year from the making thereof. There is no merit in this objection. In the first place, the fifth clause applies only to contracts that are not to be performed within a year by the express stipulation of the parties, and not to contracts which might be performed within a year. *American Quarries Co.* v. *Lay* (1906), 37 Ind. App. 386; *Hinkle* v. *Fisher* (1885), 104 Ind. 84, 87; *Indiana, etc., R. Co.* v. *Scearce* (1864), 23 Ind. 223, 227; *Wiggins* v. *Keizer* (1855), 6 Ind. 252, 254. It has also been held that the fifth clause of the statute of frauds does not relate to agreements concerning real estate. *Railsback* v. *Walke* (1882), 81 Ind. 409, 412; *Baynes* v. *Chastain* (1879), 68 Ind. 376, 380; *Fall* v. *Hazelrigg* (1874), 45 Ind. 576, 586, 15 Am. Rep. 278; *Cochran* v. *Ward* (1892), 5 Ind. App. 89, 92, 51 Am. St. 229.

Rulings of the court on the admission of certain evidence are complained of, but we do not think such rulings were prejudicial to appellants. From a reading of the record, we are well satisfied that the case was fairly tried, and a correct conclusion reached.

Judgment affirmed.