## GUYNN v. WABASH COUNTY LOAN AND TRUST COMPANY ET AL.

[No. 7,990.    Filed May 8, 1913.]

1.  APPEAL.—*Review.—Demurrer to Complaint.—Exceptions to Conclusions of Law.*—Where the court makes a special finding of facts and states conclusions of law thereon, the question presented by appellant's exceptions to the conclusions is the same as that raised by the demurrer to the complaint.  p. 392.

2.  APPEAL.—*Review.—Exceptions to Conclusions of Law.—Admissions.*—An exception to conclusions of law, for the purposes of the exception, admits that the facts have been fully and correctly found.  p. 394.

3.  ESTOPPEL.—*Equitable Estoppel.—Permitting Mortgage.*—Where a testatrix devised all her real estate to a son and daughter equally, and thereafter conveyed the real estate to the daughter who did not record the deed, and the daughter, after the death of the testatrix, joined the son in procuring the probate of the will, and with knowledge of the negotiations, but without disclosing the existence of the deed, permitted the son in good faith to obtain a loan secured by mortgage on the real estate, she is estopped from asserting her title as against the mortgagee.  pp. 394, 395.

4.  WILLS.—*Time of Taking Effect.*—A will speaks as of the date of the death of the testator.  p. 395.

5.  FRAUDULENT CONVEYANCES.—*Failure to Record Deed.—Effect.*— Special findings that a testatrix, after devising all her real estate to a son and daughter, conveyed the same to her daughter, that the latter did not record the deed or disclose its existence, but after the death of the testatrix joined her brother in procuring the probate of the will and thereafter permitted him in good faith to obtain a loan secured by mortgage on the real estate, presents a case within the spirit of §3962 Burns 1908, §2931 R. S. 1881, providing that every conveyance not recorded within forty-five days from date of execution shall be fraudulent and void as against any subsequent *bona fide* purchaser, lessee or mortgagee, so that such deed must be deemed fraudulent as against the mortgagee.  p. 395.

6. APPEAL.—*Erroneous Judgment.—Failure to Ask Modification.— Effect.*—Where a judgment is valid in part, the same will stand on appeal, unless the record shows that proper steps were taken by objection presented to the trial court to secure a modification of the same. p. 396.

7. APPEAL.—*Burden of Showing Error.*—Appellant has the burden of pointing out and presenting error in substantial conformity with the rules of court. p. 397.

8. APPEAL.—*Review.—Judgment.—Presumptions.*—On appeal every presumption is indulged in favor of the judgment, and the court will not search the record for errors on which to base a reversal. p. 397.

From Grant Superior Court; *Robert M. VanAtta,* Judge.

Action by the Wabash Loan and Trust Company against Katherine M. Guynn and another.    From a judgment for plaintiff, the defendant, Katherine M. Guynn, appeals. *Affirmed.*

*D. F. Brooks,* for appellant.
*Sayre & Hunter* and *Condo & Browne,* for appellee.

ADAMS, J.—Action by appellee, Wabash County Loan and Trust Company, against appellee, William A. Newman, and appellant, to recover on a promissory note, and to foreclose a mortgage securing the payment of said note, executed by appellee Newman, on certain real estate in Wabash County, Indiana.    The court overruled appellant's demurrer to the complaint, and this ruling constitutes the first error assigned.    The court, on request, made a special finding of facts and stated conclusions, of law thereon, and, as appellant's exception to the conclusions of law presents the same question as the demurrer to the complaint, the overruling of the demurrer is immaterial.    *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 533, 96 N. E. 331, and cases cited.

The facts found by the court are substantially as follows: William A. Newman and Katherine M. Guynn are the children of Mary A. Newman, who died June 21, 1907, the owner in fee simple of the real estate described in the mort-

gage filed with the complaint.    Mary A. Newman died testate, and, at the request of defendants, her will was duly probated.    On July 11, 1907, one Lincoln Guynn, husband of appellant, applied for and obtained letters of administration, with will annexed, on the estate of Mary A. Newman, and entered on the discharge of the duties of his trust. By her said will, Mary A. Newman bequeathed and devised in equal shares all of her real and personal property to the defendants Newman and Guynn.    In November, 1905, Katherine M. Guynn received from her mother a paper, purporting to be a deed of conveyance to said Katherine of all the real estate owned by her said mother, which deed included the lands described in the mortgage.    The defendant Guynn was in possession of said deed from November 4, 1905, to and including March 4, 1908, at which time the same was recorded, and said Katherine M. Guynn at that time and ever since has claimed title in fee simple to all the lands described therein.    While in possession of said deed, Katherine M. Guynn requested that the will of her mother be probated, and an administrator appointed, and accepted the conditions and provisions of said will, but withheld said deed from record, and concealed the fact of its execution from the plaintiff and from her codefendant, William A. Newman, until the same was recorded on March 4, 1908. Katherine M. Guynn knew, or had the means of knowing the contents of said deed at the time the will was probated and at the time she accepted the conditions and provisions made for her therein.    She knew that her codefendant, William A. Newman, was endeavoring to negotiate a loan on his undivided interest in the real estate devised to him by the will of his mother, and also knew that any person, bank or loan company would probably extend credit for any reasonable amount upon his interest in said real estate.    William A. Newman informed his sister and codefendant before procuring the loan made to him by the plaintiff that he was intending to negotiate a loan and secure the same by mortgage

upon his interest in the real estate, and informed the administrator of such fact. Katherine M. Guynn at no time made any objection thereto or gave any notice of any claim of ownership in said lands other than that conferred upon her by the will of her mother. On December 21, 1907, William A. Newman did procure from plaintiff a loan of $750, payable in one year, giving his note therefor, and securing the same by a mortgage to the plaintiff on his undivided one-half interest in the real estate devised to him by the will of his mother. This mortgage was made in good faith by Newman, and without knowledge of any claim by his sister, Katherine M. Guynn, therein, other than that devised to her by said will. The mortgage so executed was duly recorded on December 24, 1907, and plaintiff had no knowledge of the deed to Katherine M. Guynn until the same was recorded more than one hundred days after the loan was made.

Upon the facts found, the court stated conclusions of law favorable to appellee, Wabash County Loan and Trust Company, and rendered personal judgment against defendant Newman for the amount due on his note, and judgment of foreclosure against both defendants. By her exception to the conclusions of law, appellant admits, for the purposes of the exception, that the facts have been fully and correctly found. *National State Bank* v. *Sanford Fork, etc., Co.* (1901), 157 Ind. 10, 15, 60 N. E. 699; *Blair* v. *Curry* (1898), 150 Ind. 99, 101, 46 N. E. 672, 49 N. E. 908; *City of Indianapolis* v. *Board, etc.* (1902), 28 Ind. App. 319, 323, 62 N. E. 715; *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 97 N. E. 449, 451.

Taking the findings as full and true, the question raised by the exception is, Do the findings support the conclusions of law? Appellee, Wabash County Loan and Trust Company, does not contend that the deed to appellant from her mother did not invest her with title to the lands described in the mortgage. The position of appellee is that appellant, by her conduct, is estopped to deny the

title of her brother in the undivided one-half of the mortgaged premises, as against a good faith mortgagee for value. No case has been cited, and we have been unable to find a case wherein the facts are identical with the facts found by the court. In this case, it is clear that the mortgagor had no title to the lands mortgaged by him at the time of executing the mortgage or at any time. A will speaks as of the date of the death of the testator. While the mortgagor, 4. by the will of his mother, was given a half interest in all the real estate owned by her, she owned no real estate at her death, having conveyed all that she had 3. to appellant. There is no finding that William A. Newman had any knowledge of the deed to his sister. On the contrary, the court found that Newman acted in good faith in procuring the loan from appellee trust company. But appellant, with knowledge of all the facts, joined her brother in having the will probated, which gave him an apparent title to half of the real estate devised. She knew he had no title. She knew he was negotiating a loan on lands that he did not own, and, with such knowledge, concealed and withheld her deed from record. We think the findings of the court bring this case within the rule that where the owner of real estate permits title to be taken and held in another, and where third parties give credit to such other person on the strength of his record title, without knowledge, actual or constructive, of the rights of the real owner, the latter will be estopped to assert title as against such creditors. *Wisehart* v. *Hedrick* (1889), 118 Ind. 341, 344, 21 N. E. 30; *Maxon* v. *Lane* (1890), 124 Ind. 592, 598, 24 N. E. 683; *Minnich* v. *Shaffer* (1893), 135 Ind. 634, 637, 34 N. E. 987; *Duckwall* v. *Kisner* (1893), 136 Ind. 99, 101, 35 N. E. 697; *Kiefer* v. *Klinsick* (1896), 144 Ind. 46, 56, 42 N. E. 447. The findings further appear to bring the case at least within the spirit of the statute, §3962 Burns 5. 1908, §2931 R. S. 1881, which provides that every conveyance or mortgage of lands or of any interest

therein shall be recorded in the recorder's office of the county where such lands are situate, and that every conveyance not so recorded within forty-five days from the date of execution, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration. Mary A. Newman died testate in June, 1907, and within a few days, her will was duly probated. The mortgage in suit was executed in December, 1907, and the deed of appellant from her mother was recorded in March, 1908. While the mortgagor had no title to the mortgaged premises, he had an apparent title by the will of his mother, which was admitted to probate at the instance of appellant, long prior to the date of the mortgage. We think appellant's deed, under the facts found, must be deemed to be fraudulent as against appellee trust company, for failure to record within the statutory period. *State Bank.* v. *Backus* (1903), 160 Ind. 682, 694, 67 N. E. 512; *Meikel* v. *Borders* (1891), 129 Ind. 529, 532, 29 N. E. 29.

Appellant complains that the judgment of foreclosure included the entire tract of land mortgaged, and was not limited to the undivided one-half thereof. In this respect the judgment was erroneous. The record, however, does not show a motion to modify the judgment, and it has been held that where a part of the judgment is valid, the same will stand, unless proper steps have been taken by objection presented to the trial court to secure a modification of the same. *Bayless* v. *Glenn* (1880), 72 Ind. 5, 11; *Becknell* v. *Becknell* (1887), 110 Ind. 42, 54, 10 N. E. 414; *Peoples Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 300, 17 N. E. 570; *Chicago, etc., R. Co.* v. *Eggers* (1897), 147 Ind. 299, 303, 45 N. E. 786; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 271, 49 N. E. 1050; *Studabaker* v. *Markley* (1893), 7 Ind. App. 368, 374, 34 N. E. 606; *Brandis* v. *Grissom* (1901), 26 Ind. App. 661, 664, 60 N. E. 455.

The last error assigned is based on the overruling of ap-

pellant's motion for a new trial. The brief of appellant does not show that a motion for a new trial was filed, the ground of such motion, the ruling of the court thereon, or the page and line of the record where the same may be found. The burden is upon the party appealing, not only to point out error of the trial court, but to present the same in substantial conformity with the rules of this court. On appeal every presumption is indulged in favor of the judgment, and we will not search the record for errors on which to base a reversal. *State, ex rel.* v. *John* (1908), 170 Ind. 233, 238, 84 N. E. 1; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 415, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849; *Emerson* v. *Opp* (1894), 9 Ind. App. 581, 587, 34 N. E. 840, 37 N. E. 24; *Elijah* v. *Dowling* (1912), 49 Ind. App. 515, 97 N. E. 551.

The judgment is affirmed.

NOTE.—Reported in 101 N. E. 738. See, also, under (1) 2 Cyc. 717; (2) 38 Cyc. 1992; (3) 16 Cyc. 762; (4) 40 Cyc. 1424; (5) 20 Cyc. 552; (6) 2 Cyc. 703; (7) 3 Cyc. 275. As to wills as conveyances to take effect only after maker's death, see note to *Wilson* v. *Carrico* (Ind.), 49 Am. St. 219. As to acquiescence as basis of equitable estoppel, see 134 Am. St. 1024. As to fraudulent conveyance and disability of assenting creditor to raise the question, see 18 Am. Dec. 621. For a discussion of the right of a purchaser of or from an heir as against the grantee in an unrecorded conveyance from the ancestor, see Ann. Cas. 1912 B 1289.