CRESSLER ET AL. *v.* BREWER ET AL.

[No. 22,777. Filed December 21, 1916. Rehearing denied March 16, 1917.]

1. MORTGAGES.—*Foreclosure.*—*Joint Action.*—A joint mortgage to two persons to secure the payment of debts due to them severally may be foreclosed in a joint bill filed by the mortgagees. p. 187.

2. HUSBAND AND WIFE.—*Failure to Record Deed.*—*Estoppel of Wife.*—*Statutes.*—Where a deed to a husband and wife as tenants by entireties was not recorded, and thereafter the grantor mortgaged the land, the grantees, with knowledge that the mortgagees were lending money on the mortgage security in good faith but asserted no claim to the land, are estopped to assert their title by the deed as against the lien of the mortgage, since §3962 Burns 1914, Acts 1913 p. 233, provides that, if deeds to real estate are not recorded within forty-five days, they shall be void as against subsequent mortgagees in good faith, and, while a married woman may not be bound as surety, yet she may, under the provisions of §7853 Burns 1914, §5117 R. S. 1881, be bound by an estoppel *in pais.* p. 187.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by John W. Brewer against Alfred D. Cressler and others, in which the First National Bank of Fort Wayne and others filed cross-complaints. From a judgment for plaintiffs and cross-complainants, Alfred Cressler and others appeal. *Affirmed.*

*Cratty Brothers & Flatau, Henry W. Bullock* and *T. E. Ellison,* for appellants.

*Barrett, Morris & Hoffman* and *Vesey & Vesey*, for appellees.

MORRIS J.—Appellee Brewer filed suit against appellant Alfred D. Cressler for personal judgment on a note, and the foreclosure of a mortgage on certain farm land given to secure the same. Appellees the First National, the Hamilton National and the Old National banks, of Fort Wayne, holders of a separate junior mortgage on such land and other realty, were made defendants to such action. The three banks filed a cross-complaint against appellee Brewer, appellants Alfred D., Alfred M., George H., and Kerr Murray Cressler, and others, in which each bank demanded a personal judgment against said Cresslers on its separate obligation, and in which all the banks prayed for the foreclosure of the mortgage. Appellant Elgie Nelson Cressler, wife of said Kerr Murray, was also made a defendant to the cross-action.

The demurrer of appellants Cresslers to such cross-complaint was overruled and they answered with a general denial, plea of payment, and accord and satisfaction. Appellants Kerr Murray Cressler and wife also filed a separate partial answer averring facts to show that the bank mortgage was not a lien on a specified parcel of the realty therein described. There was a trial by court with special findings of fact and conclusions of law. A judgment was awarded appellee Brewer in the sum of $5,881, and three judgments aggregating more than $117,000 were rendered against all the Cresslers, except said Elgie Nelson, in favor of the respective banks. Both mortgages were foreclosed.

The ruling on the demurrer to the cross-complaint is assailed on the theory that there was no joint cause of action alleged. The cross-complaint alleges that the Cresslers (except Elgie) executed to each bank an obli-

gation to pay certain indebtedness, and to secure the performance of each of the three obligations (of even date) executed a single mortgage, in which said Elgie joined her husband.

There was no error in the ruling. As early as 1834, in *Shirkey* v. *Hanna,* 3 Blackf. 403, 26 Am. Dec. 426, it was held by this court that a joint mort-

1. gage to two persons to secure the payment of debts due to them severally may be foreclosed in a joint bill filed by the mortgagees. That ruling was expressly approved in *Aetna Life Ins. Co.* v. *Finch* (1882), 84 Ind. 301, 304, and we perceive no reason for disapproval of the doctrine declared in those cases. 2 Jones, Mortgages (6th ed.) §§1368, 1369.

The mortgage to the banks was executed August 26, 1911, and encumbers, with other realty, lot No. 3, in block 23, in Fort Wayne. The trial court found

2. that said lot was owned, on June 8, 1908, by Eliza E. Cressler, then wife of appellant Alfred D. Cressler; that on said day said Cresslers executed a deed for the lot, as a wedding present, to appellants Kerr Murray Cressler, a son, and Elgie Nelson Cressler, his wife, as tenants by entireties, but that the deed was not recorded until May 9, 1913; that on June 29, 1911, said Eliza E. Cressler died intestate in Fort Wayne, leaving as her only heirs her husband, Alfred D., and sons Alfred M., George H., and Kerr Murray Cressler, appellants; that no part of the consideration for the bank mortgage was received by Elgie, nor was lot No. 3 improved or benefited thereby; that Elgie executed the mortgage with full knowledge of its contents, and knowing that the banks were loaning money on the mortgage security in good faith; that at the time she knew that the deed to herself and husband had been withheld from record, but yet she made no claim of title to the lot; that the money loaned by the banks on

the mortgage security was in good faith, and was advanced with the belief and understanding that the title to the lot remained, as shown by record, in the said heirs of Eliza E. Cressler, deceased. The court concluded, on such facts: (1) That the deed to appellants Kerr Murray Cressler and wife was void as against the mortgage of appellee banks, and (2) that each of said appellants is estopped to assert title by the deed as against the lien of the mortgage, but that they are entitled to an order requiring the offering for the sale of the other real estate to satisfy the lien before offering said lot No. 3. Appellants assail the conclusions as erroneous.

There was no error. Section 3962 Burns 1914, Acts 1913 p. 233, requires real estate deeds to be recorded within forty-five days, and when not so recorded it is provided that they shall be void as against subsequent mortgagees where there was good faith and a valuable consideration; and while a married woman is not bound as surety, she may nevertheless be bound, by an estoppel *in pais.* §7853 Burns 1914, §5117 R. S. 1881; *Connecticut, etc., Ins. Co.* v. *Talbot* (1888), 113 Ind. 373, 14 N. E. 586, 3 Am. St. 655; *Guynn* v. *Wabash, etc., Trust Co.* (1912), 53 Ind. App. 391, 101 N. E. 738; *Duckwall* v. *Kisner* (1893), 136 Ind. 99, 35 N. E. 697.

Appellants seek in a vague way to present other questions, but a consideration of their brief under the heading of "points and authorities" discloses such failure to comply with Rule 22 of this court as to preclude a consideration of them. Judgment affirmed.

NOTE.—Reported in 114 N. E. 449. See under (1) 27 Cyc 1569; (2) 27 Cyc 1183; 21 Cyc 1346.