WALLACE ET AL. *v.* SHOEMAKER ET AL.

[No. 24,067. Filed April 1, 1924.]

1. APPEAL.—*Briefs.—Insufficiency of Evidence.—Waiver.*—A specification in a motion for a new trial that the decision of the court was not sustained by sufficient evidence was waived by the failure to set out in appellants' brief any of the evidence except a few lines from eight pages of a bill of excep-

tions containing the evidence covering 523 pages, which evidence tended to support appellants' contention, but which was contradicted by other evidence therein, thereby violating clause 5 of Rule 22 of the Supreme Court. p. 422.

2. SALES. — *Breach of Warranty.* — *Pleading Conclusions.* — *Motion to Make More Specific.*—In an action for breach of warranty in the sale of a sow, averments in the complaint that plaintiffs purchased the sow at the price of $7,100, that the sale was to be for cash, that, in pursuance of the sale, they received the sow from the defendants, and that, because she did not fulfill the warranty, they had been damaged $8,000, were subject to a motion that the averments as to what was done in the matter of completing the sale and paying the consideration should be made more specific. p. 423.

3. APPEAL.—*Review.*—*Demurrer Overruled.*—*Harmless Error.* —The action of the court in overruling a demurrer is not sufficient to reverse the judgment when it appears from the whole record that no substantial right of the complaining party was thereby prejudiced. p. 424.

4. SALES.—*Warranty.*—*Action for Breach.*—*Special Finding.*— *Sufficiency.*—In an action for breach of warranty of a sow purchased by plaintiff, a special finding that, on a certain date, the defendants offered the sow for sale with other hogs, at public auction, as and for a brood sow, that they caused to be printed and circulated among expected purchasers, including plaintiffs, a catalogue which guaranteed her to be a breeder, stated that "she had large litters of pigs and raised them," that immediately preceding the sale, and in connection with it, the auctioneer stated, on behalf of defendants, that all brood sows sold were guaranteed to be breeders and "with pig," that plaintiffs relied on said statement and bought the sow at a price of $7,100, that the sow was not with pig and was a nonbreeder, that by reason of her not being as warranted, she was worth only $75, and plaintiffs were damanged $7,025, justified a conclusion of law that the plaintiffs were entitled to recover said amount. p. 424.

5. SALES.—*Joint Interest of Purchasers.*—*Individual Notes Given.*—Where two persons joined in purchasing a sow for breeding purposes, which was warranted to be "with pig" and a good breeder, the fact that each of the purchasers gave his individual note for half of the purchase price would not necessarily establish that the purchasers were without any joint interest in the cause of action for a breach of the warranty so as to overthrow a conclusion of law that the plaintiffs, in an action for such breach, were entitled to recover jointly. p. 425.

From Tippecanoe Superior Court; *Henry H. Vinton,* Judge.

Action by Clifton W. Shoemaker and another against Charles W. Wallace and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Gaylord & Sills,* for appellants.

*Gougar & Andrew* and *Stuart, Simms & Stuart,* for appellees.

EWBANK, C. J.—Appellees filed a complaint against appellants in three paragraphs, the second of which asked damages for an alleged breach of a warranty in a contract for the sale of a Poland China sow named "Queen Miss", while the third alleged that appellees were induced by fraud to enter into the contract of sale, and had given notice of a rescission and tendered back the animal purchased, and asked to recover back the purchase money.

The first paragraph was dismissed. Appellants demurred to the second paragraph for want of facts sufficient to constitute a cause of action, specifying that it did not aver that the purchase price at which the sow was sold to appellees had been paid or agreed to be paid, or show them to have been damaged by payment thereof. This demurrer was overruled and appellants excepted. Issues were joined by answers of denial to each paragraph of the complaint, and, on proper request, the court made a special finding of facts, on which it stated a first conclusion of law to the effect that under the facts found, as alleged in the second paragraph of complaint, appellees were entitled to recover $7,025, and a second conclusion that they were not entitled to recover anything under the third paragraph. Appellants excepted to the first conclusion of law, and filed a motion for a new trial for the alleged reasons

that the finding and decision was not sustained by sufficient evidence and was contrary to law.

No attempt whatever has been made to comply with the fifth clause of Rule 22, which provides that: "if the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned the statement (in appellant's brief) shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." A few questions and answers relating to the single point whether or not the sale, warranty and damages were joint or several, copied a few lines in a place from eight pages out of 523 pages of evidence in the bill of exceptions, are recited in appellants' brief under the heading of "propositions and authorities." But all that has been quoted from the testimony of appellees, even there, is taken from their cross-examination, while the brief for appellees refers us to where each appellee, in his examination in chief, testified that the two of them purchased the sow by a bid that one of them made on behalf of both, and their brief asserts that there was much more evidence on that point not set out in either brief. Such a failure to recite any of the evidence except a little which tends to support their own contention as to the facts of the case amounts to a waiver of the specifications in appellants' motion for a new trial.

The first paragraph of the complaint alleged that the defendants (appellants) conducted a sale of Poland China hogs at which they put into the hands of bidders a catalogue, setting out a guaranty that "all animals (were) guaranteed breeders", and that the "terms" of sale were "cash or equivalent"; that the catalogue named and pictured the sow called "Queen Miss" as being included in the sale, with the statement that she was bred to a designated boar, and that "she has large litters and raises them"; that the statements in said

catalogue were made by defendants as a part of the sale and constituted an express warranty of the truth of the facts so stated, and that the auctioneer, in selling that sow, orally warranted her to be with pig and a breeder; that at said sale, plaintiffs (appellees) "purchased said sow of said defendants as being with pig and for a brood sow, at the price of $7,100; that in pursuance of said sale, said plaintiffs received said sow from said defendants; that the several warranties of said defendants as hereinbefore alleged were each made as a part of and in connection with said sale of said sow to said plaintiffs, and were a part of the consideration for said purchase of said plaintiffs." But that the sow was defective and was not with pig and was not a breeder, and, after a fair test, would not breed, although plaintiffs cared for her in a careful and prudent manner; that by reason of said facts she was not worth more than $125, but, if she had been as warranted, her reasonable value would have been $7,100, by reason of which facts, plaintiffs alleged they were damaged in the sum of $8,000. There was no general averment that plaintiffs performed all the conditions on their part (§376 Burns 1914, §370 R. S. 1881), and appellees insist that the complaint failed to allege that they paid the purchase money.

The averments that the sale was to be for cash or its equivalent, that plaintiffs purchased the sow at the price of $7,100, that, in pursuance of the sale, they received her from defendants, and that, because she was defective, they had been damaged $8,000, were clearly subject to a motion that the statements as to what was done in the matter of completing the sale and paying the consideration should be made more specific, and may have been technically insufficient on demurrer.

But there was no motion to make the complaint more

specific. The demurrer to the third paragraph of complaint did not question the sufficiency of its averments as to the sale having been fully consummated by payment of the purchase money in "cash or its equivalent", and the fourth special finding recited that defendants sold to plaintiffs and they purchased from defendants the said sow for the sum of $7,100, "which sum said plaintiffs paid to said defendants." And an objection taken by demurrer, and overruled, is not sufficient to reverse the judgment, when it appears from the whole record that no substantial right of the complaining party was thereby prejudiced.

By its special finding of facts, the trial court found that the defendants were the owners of the sow in question, and, on a date named, offered her for sale with other hogs, at public auction, as and for a brood sow; that they caused to be printed and circulated among expected purchasers a catalogue containing the statements which we have set out in reciting the averments of the complaint, and caused copies to be delivered to plaintiffs; that the statements therein contained were made and published in connection with and as part of the sale of said sow, and were intended to and did constitute an express warranty of the facts so stated, and were known to plaintiffs and relied on by them as warranties made by defendants; that immediately preceding the sale, and in connection with it, the auctioneer stated on behalf of defendants that all brood sows sold were guaranteed to be breeders and with pig; that plaintiffs bought the sow from defendants at said sale for $7,100, which sum they paid to defendants; that they executed promissory notes for the purchase money payable in bank twelve months after date, each plaintiff, with his sureties, executing a note for one-half thereof; that the sow was not with pig, and was thereafter repeatedly mated but did not get with pig, and

that she was defective and was not a breeding animal, but was a nonbreeder; that if she had been as warranted, the sow would have been worth $7,100 but not being with pig nor a breeder she was worth only $75, and that by reason of her not being as warranted, plaintiffs were damaged $7,025. There were also findings to the effect that, five months before the sale, said sow was purchased by defendants from another breeder of Poland China hogs for $112.50, and of other facts relied on by plaintiffs to sustain the charge of fraud. But as the conclusion of law on the issue of fraud was in favor of appellants, it is not necessary to set them out.

A conclusion of law from the facts found that defendants were liable to plaintiffs for breach of the warranty on which the sow was sold to them was correct.

5. If the two plaintiffs made a contract with defendants by which defendants sold the sow to them, and warranted her to be a breeding animal, the mere fact that each of the purchasers gave his individual note for half of the purchase money would not necessarily establish that the plaintiffs were without any joint interest in whatever cause of action might accrue to them from a breach of the warranty, so as to overthrow the finding by the court that they were entitled to recover jointly. The contract of purchase, the warranty, and the entire venture in the matter of purchasing, owning and breeding the sow, and the damages sustained by the failure of such venture, might all be joint, even though each party separately contributed an agreed share of the purchase money. *Grover* v. *Marott* (1922), 192 Ind. 552, 136 N. E. 81; *Cressler* v. *Brewer* (1916), 186 Ind. 185, 114 N. E. 449; *Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7, 13 N. E. 118.

The judgment is affirmed.