## ANDERSON *v*. THE STATE.

EVIDENCE.—ADMISSIONS OF ACCUSED.—The deliberate admissions of a party, made under oath, while giving testimony as a witness in a cause, are sufficient, without corroborative evidence, to support a conviction for a felony.

APPEAL from the *Marion* Circuit Court.

FRAZER, J.—The appellant was indicted, tried and convicted for being a professional gambler.

The evidence was sufficient to support the verdict. It was made up of defendant's own statements, voluntarily made under oath, as a witness, upon the trial of another cause, which, if true, could leave no doubt of his own guilt. Such statements made deliberately under oath, which would, if false, constitute perjury, must necessarily receive greater weight than casual admissions, loosely made, in ordinary conversation. A verdict resting solely upon such evidence cannot be disturbed in this court. It is not a settled rule of law that a conviction cannot be had upon ordinary confessions and admissions, without proof of extrinsic facts tending to show guilt. The weight of *English* authority is otherwise, though in that country, as well as in this, the point has been much discussed and somewhat gravely questioned. But in a case like the one before us, there is no reason whatever for a rule which would forbid a conviction. It would be difficult to conceive of evidence of guilt ordinarily more satisfactory to a sensible mind than the party's own statements, solemnly and freely made under oath, upon the trial of another cause, when not himself accused, and when no motive or inducement is perceptible to beget a departure from the truth, and when falsehood would be willful and corrupt perjury.

One *Samuel D. Maxwell* was foreman of the grand jury which found the bill. It was indorsed, "A true bill, *S. D. Maxwell*, foreman," and a motion to quash upon the ground

that the signature of the foreman was not written "*Samuel D. Maxwell*," was overruled, and this is assigned for error. Such a point cannot be expected to find favor in this court upon its own intrinsic merits. No authority is cited against the action of the court below upon the question, and we know of none.

The judgment is affirmed, with costs.

*S. A. Colley* and *J. N. Sweetser*, for appellant.

*D. E. Williamson*, Attorney General, for the State.