# APPELLATE COURT.

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1892, IN THE SEVENTY-
SEVENTH YEAR OF THE STATE.

---

No. 581.

### ZIMMERMAN v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Foreman of Grand Jury Using Initial of His Christian Name.*—The use of the initial of his Christian name by a foreman of the grand jury in signing the endorsement on the indictment, "A true bill," is sufficient.

SAME.—*Argument.*—*Misconduct of Prosecuting Attorney.*—*Stating Offer of Compromise.*—A statement of the prosecuting attorney, in his statement of the case to the jury, that the State had offered to inflict only a nominal fine if the defendant would plead guilty, accompanied by a further statement that the offer was refused, though improper, is not such misconduct as will render a new trial necessary.

SAME. —*Misconduct of Prosecuting Attorney.*—*Motion to Discharge Jury.*—*When Must be Made.*—If the defendant considers that he can not have a fair trial because of the misconduct of the prosecuting attorney in his argument, notwithstanding the direction of the court to the jury that they must not consider such misconduct, he must move that the jury be discharged and a new jury called.

SAME.—*Obstructing Highway.*—*Nuisance.*—To build and maintain a fence across a public highway is a public and indictable nuisance.

SAME.—*Obstructing Highway.*—*Statute of Limitations.*—The maintenance of

(583)

a fence, constructed many years before by the defendant across a public highway, until a date within two years previous to the finding of the indictment, is an offence not barred by the statute of limitations.

SAME.—*Evidence of Highway Obstructed.*—It is not necessary that record evidence, in a prosecution for obstructing a highway, should be introduced to show that the road had been located and opened as a public highway ; for a highway may become such by user.

SAME.—*Obstruction of Highway.*—*Abatement of Nuisance.*—In a prosecution for obstructing a highway, upon conviction, the court may order the abatement of the obstruction as a part of its judgment.

SAME.—*Jury not Sole Judges of the Law.*—While the jury have a right to determine the law, they are not the sole and exclusive judges of it.

HIGHWAY.—*Does not Depend upon its Condition or the Amount of Travel.*—In determining whether a road has ever been opened as, and is in fact a public highway, the question does not depend on the condition it is then in, nor the amount of travel upon it; and such question may be determined without reference to the condition of the road or the amount of travel thereupon.

From the Sullivan Circuit Court.

*W. S. Maple* and *W. C. Barrett,* for appellant.

*W. L. Slinkard,* Prosecuting Attorney, *C. D. Hunt* and *W. C. Hultz,* for the State.

REINHARD, C. J.—The indictment charges the appellant with obstructing a public highway. There was a motion to quash, which was overruled, and this ruling constitutes the first alleged error. The motion was in writing, and was based upon the sole ground that the foreman of the grand jury, in signing his name to the indorsement, "A true bill," on the back of the indictment, used only the initials of instead of his full christian name. The point was properly decided against the appellant. *Wassels* v. *State,* 26 Ind. 30 ; *Anderson* v. *State,* 26 Ind. 89 ; *Vanderkarr* v. *State,* 51 Ind. 91. The prosecuting attorney, in stating the case at the opening of the trial, made use of the language, in substance, as follows : He said he intended to prove and show to the jury that the State had offered to let the defendant plead guilty and be fined one dollar and no cost if he would consent to do so, but that such was his malice he would not

agree to it; that thereupon, "after such statement had been made *to the court*, in the hearing and presence of the jury, the court instructed the jury that such remark was made to the court, and not to them, and should be disregarded by them." The record states in this connection that the remark was made "over the objection and exception of the appellant."

The appellant's counsel insist that this was such misconduct of counsel as should work a reversal of the cause.

It is difficult to see how the remark of the prosecuting attorney could have prejudiced the appellant with the jury. The statement that the appellant had been requested to plead guilty and had been promised by the prosecuting officer that if he would do so he should only be fined one dollar, without costs, and that the proposition was rejected, could only be interpreted by the jury as a protestation of innocence on the part of the appellant. A guilty person would naturally be willing to accept a proposition so favorable to him as the payment of a nominal fine without any costs, and how the statement of his refusal to pay even this nominal sum could be used in any way but to his benefit is difficult to see. Granting, however, that the statement was improper, it does not follow that there is any reversible error. The appellant asked for no redress the court did not grant him. The jury was instructed to disregard the statement, which was equivalent to a ruling that the remark was improper. If the appellant thought the injury already done him was irreparable he should have moved to discharge the jury. *Leach* v. *Ackerman*, 2 Ind. App. 91. He could not be permitted to await the result of the trial and acquiesce in the verdict if it proved to be favorable to him, but reject it if unfavorable. If the court does all it can do to remedy the mischief done, save discharging the jury, and the complaining party does not ask for that, he can not afterwards regain the lost ground by moving for a new trial. The appellant must

show that substantial injury was done him before he can ask for a reversal. *Shular* v. *State*, 105 Ind. 289.

The court gave the following instruction : " If you further find from the evidence that in 1886 the defendant obstructed the highway, as charged in the indictment, by building a fence along and across the same, and that he has maintained said obstruction and kept said fence or fences in said highway thereafter until within two years of this date, then the defendant would be liable and you should find him guilty."

It is averred in the indictment that the appellant, on the 1st day of January, 1891, at the county of Sullivan, and State of Indiana, did unlawfully obstruct a certain public highway (describing it), " by then and there unlawfully building and maintaining fences on, over and across said highway." By section 1964, R. S. 1881, the obstructing of a public highway is made a misdemeanor, punishable by fine, to which may be added imprisonment in the county jail. Such obstruction is likewise a public nuisance, and the indictment may be regarded as charging the erection and maintenance of such a nuisance. *Bybee* v. *State*, 94 Ind. 443 ; *State* v. *Louisville, etc., R. W. Co.*, 86 Ind. 114 ; *State* v. *Berdetta*, 73 Ind. 185 ; *State* v. *Phipps*, 4 Ind. 515.

Assuming, therefore, that the indictment charges a public nuisance, if the offence was committed in 1886, clearly the appellant could not be convicted, for the prosecution would be barred by the statute of limitation. Section 1596, R. S. 1881. But if, as assumed in the hypothesis of the instruction, the appellant obstructed the highway in 1886 and maintained the obstruction thereafter " until within two years of this date," the prosecution would not be barred, the " date " mentioned being evidently the day of trial. The appellant would be guilty if he had maintained the obstruction to within two years next before the day of the return of the indictment. The instruction was, therefore, too favorable

Zimmerman v. The State.

for the appellant and he can not justly complain. The phrase " this date " can not be construed to refer to 1886.

Nor is the instruction open to the objection that it assumes that there was a public highway. When considered in connection with other instructions given the jury could not have been misled by it upon this point.

The appellant requested the court to instruct the jury as follows, which was refused:

" You are the judges of the law in this case, and it is for you to form your own conclusions as to what the law is, and you are also the sole judges of the evidence, and it is for you, and you alone, to say what the evidence proves in this case, or does not prove."

The substance of this instruction was fully covered by others given, in so far as it states the law correctly.

The following instruction was also refused:

" You are the sole judges of what it takes in this case to constitute a public highway, and it is for you to say whether or not the facts in this case constitute such highway."

In another instruction the court told the jury that it was for them to say from the evidence whether or not the road was opened and used as a highway and that unless the road had been opened and used so as to prevent its lapsing and ceasing to be a highway, it would be their duty to acquit the defendant. They were also told that when a highway had not been used and opened within six years after it is established, etc., it ceases to be a highway. These instructions were applicable to the facts and were given at appellant's request.

They were as favorable upon the subject as he had a right to ask and covered all the legitimate ground of the instruction refused, which in effect informed the jury that they were the sole judges of the law in relation to what is required to constitute a public highway. While it is true that the jury have a right to determine the law, they are not the sole and

exclusive judges thereof.  *Anderson* v. *State,* 104 Ind. 467;
*Bird* v. *State,* 107 Ind. 154.

The following further instruction was requested and refused :

" The court instructs you that in this case if the evidence shows that said proposed public highway was never so opened that the public generally could use the same for public travel, both in conveyances and by foot, but that obstructions were left in such road so that the same could at no time be travelled by conveyances, and that the same was never worked by the road supervisor or the laborers of the road district where located and had grown up with brush, so that only a path went through the same, winding around the obstructions, and conveyances, wagons and buggies could at no time be used thereon, then it is for you to say whether such alleged road was ever opened or ever was a public road."

The determination of the question whether or not the road had ever been opened as such, and was in fact a public highway, did not depend upon any condition it was in.  It was the right and duty of the jury to determine those questions without reference to the condition of the road.  As well might the jury have been told that if the alleged road was level or hilly, they would have a right to say whether it was a public highway or not.  Such an instruction, while declaring nothing absolutely erroneous, is yet useless information, and not calculated to aid the jury in the decision of the questions submitted to it.  It was therefore properly refused.

We have examined instruction No. 12 given at the request of the prosecuting attorney and of which complaint is made by the appellant.  It is as follows :

" The court instructs the jury that while a failure to open and use a highway for six years from the time it is laid out will cause the same to cease to be a highway, yet if a highway is once opened and used, the failure to work the same will not destroy the highway or cause it to cease to be a high-

way. But when a highway is once regularly opened according to law, and used as such by the public, either on horseback or by foot travel, or for children to travel in going to school, its public character is thereby fixed and any wilful obstruction thereafter, so as to prevent such travel or hinder or obstruct the same, would be wrongful. It is not necessary that it should have been used or traveled by vehicles to make it a public highway and to make it a crime to wrongfully obstruct it."

We are unable to agree with appellant's counsel that the court in this instruction "to some extent seems to determine what the facts are." The court has a right to inform the jury what facts are and are not necessary to establish the existence of a highway and then leave it to the jury to determine whether such facts exist or not. No valid objection to this instruction has been pointed out.

The sufficiency of the evidence is challenged. Counsel insist that the only evidence tending to prove that appellant erected the fence in question is confined to what he did in 1886. We do not so regard it. The evidence tends to show that while appellant built this fence in 1886 he has maintained it since then. It was shown that within two years prior to the return of the indictment, he put back the fence repeatedly after it had been removed, or laid down, and insisted upon his right to do so. This was sufficient under the indictment.

It was not necessary that record evidence should have been introduced to show that the road had been located and opened out as a public highway. A highway may become such by user. *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200.

The evidence tends to make out a case. It was not error, therefore, to overrule the motion for a new trial.

The last error assigned is the overruling of the motion to modify the judgment. The court ordered the abatement of

the nuisance as a part of its judgment.    This was proper.
Section 1859, R. S. 1881;   *McLaughlin* v. *State*, 45 Ind. 338.
We find no ground for a reversal.
Judgment affirmed.
Filed May 24, 1892.