[ No. 1956.   Decided November 5, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES HOPKINS, *Appellant*.

PROSECUTION FOR EMBEZZLEMENT — ADMISSIBILITY OF EVIDENCE AND PLEADINGS IN CIVIL ACTION — SECONDARY EVIDENCE.

Admissions made by a defendant in a civil action, when not given under compulsion, may be put in evidence in a criminal prosecution against him.

In a prosecution upon a charge of embezzlement it is erroneous to admit in evidence the complaint and answer on which a former civil action, involving the same property in question, had been tried.

The admission in evidence of the correspondence of third parties is erroneous, when no ground has been shown therefor.

Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge.   Reversed.

*S. G. Allen,* for appellant.

*Fenton, Plattor & Saunders,* for The State.

The opinion of the court was delivered by

Scott, J.—Appellant was convicted of embezzling funds belonging to an insurance company of which he was the managing agent.

The first ground of error alleged is that the court erred in permitting a witness to testify to what the appellant had testified to upon the trial of a civil action brought against him and others involving the property in question. It is contended that this was a violation of the constitutional rights of appellant on the ground that the testimony given by him in said action should be considered as given under duress, it being necessary to protect his rights therein. There is no claim that appellant was compelled by the court to testify to such matters upon the former trial; it was simply a matter of choice with him as to whether he would testify to the facts in the action brought against him or whether he would not do so, and the rule seems to be well settled by the weight of authority that such statements not given under compulsion may be put in evidence in a criminal proceeding against the party testifying. *Alston v. State,* 41 Tex. 39; *Hendrickson v. People,* 10 N. Y. 13 (61 Am. Dec. 721); *Teachout v. People,* 41 N. Y. 7; *Dickerson v. State,* 48 Wis. 288 (4 N. W. 321); *Commonwealth v. Reynolds,* 122 Mass. 454; *State v. Gilman,* 51 Me. 206; *Anderson v. State,* 26 Ind. 89; *Snyder v. State,* 59 Ind. 105.

But if we had any doubt as to this proposition, it seems to us that these statements would have been admissible under the provisions of § 1308, Code Proc., which provides that:

" The confession of a defendant made under in-

ducement, with all the circumstances, may be given as evidence against him, except when made under the influence of fear produced by threats."

Although this section seems to have escaped the attention of counsel, and is limited to confessions, it seems to us to be broad enough to include any statement voluntarily made which amounted to an admission of the commission of a crime, or of a fact connected therewith tending to establish guilt. The former rule as to excluding confessions made under inducement does not obtain in this state in consequence of this statute. In this case it appears that in testifying upon the trial of the civil cause appellant made statements which were damaging to him in the criminal prosecution. These statements, however, were voluntarily made. It is true they were made under inducement, the inducement being the desire to escape liability in the civil action, but this, as we have said, was not sufficient to render the testimony inadmissible.

It is further contended by appellant that the court erred in not granting his motion for a peremptory instruction to the jury to render a verdict of not guilty, made at the close of the case in chief for the state, the ground of such motion being that the proof showed that the property had been taken by appellant under a claim of right. But the evidence was not sufficient to justify a peremptory instruction of this kind. The question as to whether he had acted in good faith under a claim of right was fairly submitted to the jury, and in finding him guilty the jury must have found that the claim was unfounded.

It is further contended that the court erred in allowing the prosecution to introduce in evidence the complaint and answer on which the former case was tried.

It is contended that this was a violation of § 204, Code Proc., which contains the provision that " no pleading shall be used in a criminal prosecution against the party as evidence of a fact alleged in such pleading." This provision would exclude the answer, but it is contended on the part of the state that the error was without prejudice because the answer contained no damaging statements; and with respect to the complaint the state contends that it contained no matters other than those to which the party verifying the same had testified in the trial of the criminal cause. But this was no justification. The admission in evidence of these pleadings was clearly unwarranted — the complaint, under well-known rules of evidence, and the answer, under the statute — and entitles the appellant to a reversal of the cause.

It is further contended that the court erred in admitting in evidence a letter written by one Bockmier to one Flynn. The respondent has failed to show any ground for the admission of this letter, and we think the action of the court in admitting it was erroneous.

Some further matters are complained of by the appellant, one being with regard to the instructions given by the court to the jury and the failure of the court to give certain instructions requested by appellant. After an examination of the instructions, we think the cause was fairly submitted, and that the instructions were sufficient. As to the other matters, we do not deem them of enough importance to require a discussion, as they are not likely to arise upon a retrial of the cause.

Reversed.

Hoyt, C. J., and Dunbar and Anders, JJ., concur.

Gordon, J., not sitting.