## DAILEY v. STATE OF INDIANA.

[No. 24,498. Filed June 24, 1924.]

1. CRIMINAL LAW.—*Appeal.—Review.—Admission of Evidence. —Briefs.*—Where the accused claims error by the court in the admission of certain evidence, but in his brief under "Points and Authorities" has failed to designate where in the record his exceptions to the admission of such evidence could be found, *held* that no question is presented to the court on appeal as to the admission of such evidence. p. 684.

2. CRIMINAL LAW.—*Appeal.—Review.—Circumstantial Evidence. —Conflicting Inferences.—Province of Appellate Tribunal.*— Where circumstantial evidence is of such character that two conflicting inferences may be drawn therefrom, one tending to establish the guilt of the accused and the other favorable to his innocence, *held* it is not within the province of the Supreme Court to determine which inference should control. p. 684.

3. ARREST.—*Without Warrant.—Authority of Sheriff.—Statutes.* —Where the accused, who was sitting in an automobile in the middle of the highway, was so intoxicated that he could not drive or walk without assistance, *held* the sheriff of the county under §§2013, 2311, 2483 Burns 1914, Acts 1905 p. 584, had authority to arrest the accused without a warrant. p. 685.

From Orange Circuit Court; *James L. Tucker*, Judge.

Prosecution by the State of Indiana against Plinus V. Dailey for transporting intoxicating liquors. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John F. Regester*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of the offense of transporting intoxicating liquor. The trial was by the court without a jury and the defendant was found guilty as charged and fined in the sum of $150 and sentenced to jail for thirty days. The trial was upon a plea of not guilty.

The appellant alleges error in the overruling of his motion for a new trial. The appellant claims that the court erred in its ruling upon certain exceptions to the admission of evidence, but in his brief, under "Points and Authorities," he does not designate any place in the record where such exceptions may be found. Failing to do so no question is presented for the consideration of this court on the admission of evidence. See:. *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142; *McMurran* v. *Hannum* (1916), 185 Ind. 326; *McCrocklin* v. *State* (1920), 189 Ind. 254.

The only specification of error alleged in said brief and not waived is, that the verdict is not sustained by sufficient evidence.

Appellant alleges that the only evidence introduced in the trial which tended in any way to support the charge of unlawfully transporting intoxicating liquor was circumstantial, and that to be sufficient to convict, the circumstances given in evidence must be so strong as to exclude every other reasonable hypothesis, except that of the defendant's guilt. To sustain this proposition appellant cites, *Wantland* v. *State* (1896), 145 Ind. 38. The authority cited' does not sustain appellant's contention. It was held in that case that the defendant in a criminal case is entitled to an instruction upon request, that in order to convict upon circumstantial evidence the circumstances must be so strong as to exclude every other reasonable hypothesis except that of defendant's guilt, if such instruction is applicable to the evidence. The exact contention of the appellant is that when evidence is circumstantial and it leaves standing some reasonable hypothesis of innocence, there can be no conviction and when the record discloses that fact to the appellate tribunal, the judgment of conviction cannot be affirmed. It has been held, however, that where the circumstantial

Dailey *v*. State—194 Ind. 683.

evidence in a case is of such character that two conflicting inferences may be reasonably drawn therefrom, one favorable to or tending to prove the guilt of the accused and the other favorable to his innocence, then under such circumstances it is not within the province of the Supreme Court to determine which inference ought to control the jury, or in case of a trial by the court without a jury, which inference ought to control the court. *Lee* v. *State* (1922), 191 Ind. 515; *Wrassman* v. *State* (1921), 191 Ind. 399. Applying the rule in *Lee* v. *State, supra,* the evidence was sufficient to sustain the charge against the defendant and the finding will not be disturbed by this court.

The appellant claims that he was unlawfully arrested by an officer without a warrant. A reference to the record shows by undisputed evidence that on July 4, 1922, about 9 or 10 o'clock in the evening, the sheriff of Orange county was informed that an automobile was standing in the middle of the highway about a quarter of a mile from the town of Paoli. When the sheriff took two men and went out to the place where it was reported to be standing, they found the automobile in the middle of the highway and this appellant was sitting in it; that he was intoxicated; that he was too drunk to drive an automobile and too drunk to walk without assistance. They arrested him and took him and the automobile to Paoli, and put him in jail and stored the car in a garage. The sheriff had a right to arrest the appellant without a warrant and move the automobile out of the highway. See §§2013, 2311 and 2483 Burns 1914, Acts 1905 p. 584.

We find no error in the record. The judgment is affirmed.