## ANDERSON v. STATE OF INDIANA.

[No. 24,462.   Filed November 7, 1924.]

1. INDICTMENT.—*Motion to Quash.—Addressed to Affidavit as Whole.*—If any count of an affidavit is sufficient a motion to quash addressed to the affidavit as a whole should be denied. p. 331.

2. PROSTITUTION.—*Pandering.—Affidavit.*—An affidavit which charges the crime of pandering, as defined by §2356a Burns 1914, in substantially the language of the statute, is sufficient. p. 332.

3. CRIMINAL LAW.—*Appeal.—Briefs.—Must Sustain Error Alleged.*—When objection is urged to an affidavit the briefs on appeal must point out the insufficient count; a mere statement of principles of law without application to the affidavit will be deemed a waiver of the objection.   p. 332.

4. CRIMINAL LAW.—*Assignment of Errors.—Ruling on Continuance.*—The ruling on a motion for continuance cannot be called in question by an independent assignment of error.   p. 333.

5. CRIMINAL LAW.—*New Trial.—Filed After Motion in Arrest.*—Appellant waives his right to file a motion for a new trial by first filing a motion in arrest, unless the causes for a new trial were not known at the time of filing the motion in arrest. p. 333.

From Delaware Circuit Court; *Leonidas A. Guthrie,* Special Judge.

Oscar Anderson was convicted of pandering, and he appeals. *Affirmed.*

*William A. McClellan, John McPhee* and *Claude C. Ball,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

GAUSE, J.—Appellant was charged by affidavit in three counts with the crime of pandering, as defined by §2356a Burns 1914.

He filed a motion to quash the affidavit, as a whole, on the grounds that the facts stated do not constitute a public offense, and that the offense is not stated with sufficient certainty.

He filed a motion for a continuance, which was overruled, and upon a plea of not guilty, he was tried by a jury and found guilty, "as charged in the affidavit."

He then filed a motion in arrest of judgment, which attacked the sufficiency of the affidavit as a whole.

After filing his motion in arrest of judgment, he filed his motion for a new trial.

Each of these motions was overruled.

Judgment was rendered upon the verdict, fining appellant in the sum of $300 and sentencing him to the State Prison for not less than two nor more than ten years.

Appellant assigns as error the following:

"(1) The court erred in overruling appellant's motion to quash the amended affidavit herein. (2) The court erred in overruling appellant's motion for a continuance. (3) The court erred in overruling appellant's motion for a new trial. (4) The court erred in overruling appellant's motion in arrest of judgment."

We will first notice the first and fourth assignments

of error, which bring in question the sufficiency of the affidavit.

As before stated, the affidavit was in three counts and neither the motion to quash nor the motion in arrest challenged each count separately, but both motions were directed to the affidavit as a whole.

1. Therefore, if either count is sufficient, no error was committed in overruling such motions.

Said affidavit, omitting the formal parts, is as follows:

"Minnie L. Snyder for her amended affidavit herein swears she is informed and believes that Oscar Anderson on or about the 11th day of December, 1922, at and in the County of Delaware, State of Indiana, did then and there unlawfully and feloniously procure one G——— M———, a female, for an inmate of a house of prostitution then and there kept by him, the said Oscar Anderson.

"Count 2.

"And affiant aforesaid, on her oath aforesaid, for a second count of affidavit herein swears that she is informed and believes that Oscar Anderson on or about the 11th day of December, 1922, at and in the County of Delaware, State of Indiana, did then and there unlawfully and feloniously by certain promises, threats, violence, devices and schemes, induce, persuade and encourage, one G——— M———, a female person to become an inmate of a house of ill-fame then and there kept by him, the said Oscar Anderson.

"Count 3.

"And affiant aforesaid, on her oath aforesaid, for a third count of affidavit herein says that she is informed and believes that Oscar Anderson on or about the 11th day of Deecmber, 1922, at and in the County of Delaware, State of Indiana, did then and there unlawfully and feloniously by certain promises, threats, schemes

and devices cause, induce, persuade and encourage one G—— M—— who was then and there an inmate of a house of prostitution, then and there kept by him, the said Oscar Anderson, to be and remain in said house of prostitution for the purpose of prostitution, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Each count charges a violation in substantially the language of the statute defining the crime. Where a statute defines a crime and states what acts

2. shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407, and cases cited.

Appellant in his brief does not attempt to point out wherein the affidavit, or any count thereof, is insufficient, but contents himself with the statement

3. of some general principles which would apply to any criminal charge, such as that the facts constituting the offense must be stated in plain and concise language, that the affidavit must be certain and definite, so as to fully inform the defendant of the nature of the charges against him, and that if the facts stated do not constitute a public offense, or if the offense is not stated with sufficient certainty, a motion to quash should be sustained. No attempt is made to apply any of these principles to the affidavit in question, and it is not pointed out wherein any of such principles are violated.

This might well be deemed a waiver of any objection to the affidavit that might exist. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460; Ewbank, Manual of Practice (2d ed.) §18

However, it appears that each count of the affidavit is clearly sufficient to charge a crime under the statute.

As to the second assignment of error, namely, the overruling of appellant's motion for a continuance, it is a well-settled rule of practice in this state that 4. the ruling on such a motion cannot be called in question by an independent assignment of error. *Yazel* v. *State* (1908), 170 Ind. 535, 539.

As to the third assignment of error, namely, the overruling of appellant's motion for a new trial, it appears from the record that appellant filed a motion in 5. arrest of judgment before he filed his motion for a new trial. It has been uniformly held in this state, by numerous cases, that the filing of a motion in arrest in advance of filing a motion for a new trial, cuts off the right to apply for a new trial, except in cases where the causes for a new trial were not known at the time of filing the motion in arrest. *Yazel* v. *State, supra,* and cases cited therein.

Since the exception to the general rule is not applicable in this case, appellant is deemed to have waived his right to file a motion for a new trial, and the assignment based thereon will not be considered.

Judgment affirmed.