JALBERT *v.* STATE OF INDIANA.

CALDWELL *v.* STATE OF INDIANA.

[Nos. 24,713 and 24,714. Filed April 3, 1925.]

1. INTOXICATING LIQUOR.—*Affidavit for maintaining nuisance sufficient if in language of statute.*—An affidavit for maintaining and assisting in maintaining a common nuisance where intoxicating liquors are kept for sale and where persons are permitted to resort for the purpose of drinking intoxicating liquors, which follows the language of the statute (§8356t Burns' Supp. 1921, §20, ch. 4, Acts 1917 p. 15) is sufficient. p. 82.

2. INTOXICATING LIQUOR.—*Allegation of time of offense of maintaining nuisance sufficient if within statute of limitations.*—An affidavit charging the maintenance of a common nuisance where intoxicating liquors are sold and where people resort for drinking, "on or about" a specific day, is sufficient, even though it be a continuing offense, in view of §2204 Burns 1926, §2046 Burns 1914, Acts 1905 p. 584, requiring only that the time be within the statute of limitations, and §2225 Burns 1926, §2063 Burns 1914, Acts 1905 p. 584, requiring only that the time be accurately stated if it is of the essence of the offense. p. 83.

3. INTOXICATING LIQUOR.—*Maintaining nuisance is proved by evidence of maintenance at any time within statute.*—A charge that a nuisance was maintained on a specified day, less than two years before the affidavit was made, would be supported by evidence that it was being maintained at all or any times within the period allowed by the statute of limitations for commencing the prosecution. p. 83.

VOL. 196—6

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Virgil Jalbert and Clifford Caldwell were separately convicted of maintaining a liquor nuisance, and they appeal. *Affirmed.*

*Miller & Kelley,* for appellants.

*U. S. Lesh,* Attorney-General, for the State.

EWBANK, J.—These are companion cases. In each an affidavit. was filed, the first count of which named Vigo county, in the State of Indiana, and alleged that the defendant "on or about the 11th day of February, A. D. 1924, at said county and state aforesaid, did then and there unlawfully keep, maintain, and assist in keeping and maintaining a common nuisance, to wit: a room, house, building, structure and place where intoxicating liquors were then and there kept for sale, barter, delivery and given away in violation of the laws of the State of Indiana, and where persons were then and there permitted-to resort for the purpose of drinking intoxicating liquors as a beverage, in violation of the laws of the State of Indiana." Each defendant entered a plea of guilty, on which the court made a finding that each was guilty as charged and ought to be fined $300 and imprisoned sixty days, but ordered that judgment be withheld until a named date the following week. The next day each defendant filed a motion in arrest of judgment for the alleged reason that the facts stated in the affidavit do not constitute a public offense. The motion was overruled, and judgment was entered pursuant to the finding. Overruling the motion in arrest is assigned as error in each case. The affidavit follows the language of the statute. §8356t Burns' Supp. 1921, §20, ch. 4, Acts 1917 p. 15. This has been held sufficient. *James* v. *State* (1919), 188 Ind. 579, 581, 125 N. E. 211.

Appellant points out that the affidavit only charges

the offense to have been committed "on or about the 11th day of February, 1924," and insists that

2. maintaining a nuisance is a continuing offense.

But assuming this to be true, the statute expressly provides that "the precise time of the commission of an offense need not be stated in the indictment or affidavit, but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient of the offense." §2204 Burns 1926, §2046 Burns 1914, §175, Acts 1905 p. 584.

"No indictment or affidavit shall be deemed invalid, nor shall same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested, or in any manner affected for any of the following defects:   *   *   *

"Eighth. For omitting to state the time at which the offense was committed, in any case in which time is not the essence of the offense, or for stating the time imperfectly, unless time is of the essence of the offense. *   *   *" §2225 Burns 1926, §2063 Burns 1914, §192, ch. 169, Acts 1905 p. 584.

And the charge that a nuisance was maintained on a specified day, less than two years before the affidavit was made, would be supported by evidence that it

3. was being maintained at all or any times within the period allowed by the statute of limitations (§2052 Burns 1926, §1890 Burns 1914, §23, Acts 1905 p. 584) for commencing such a prosecution. *Zoller* v. *State* (1920), 189 Ind. 114, 118, 126 N. E. 1; *Zimmerman* v. *State* (1892), 4 Ind. App. 583, 586, 31 N. E. 550; *Gardner* v. *State* (1903), 161 Ind. 262, 267, 68 N. E. 163.

No error was committed in overruling the motion in arrest of judgment.

The judgment is affirmed.