## FRONCZAK v. STATE OF INDIANA.

[No. 24,763.   Filed December 8, 1925.]

1. CRIMINAL LAW.—*By failure to recite the evidence in his brief on appeal, an appellant waives all errors in connection with the evidence.*—By failing to give a condensed recital of the evidence in his brief, as required by Rule 22 of the Supreme Court, an appellant waives all errors claimed to have been made in connection with the evidence.   p. 49.

2. STATUTES.—*Section 20 of the prohibition law of 1917 defining offense of maintaining liquor nuisance was not unconstitutional.*—The title of the prohibition act of 1917 (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921) was broad enough to cover the provisions of §20 of the act defining the offense of maintaining a liquor nuisance, and, therefore, was not unconstitutional because of contravening Art. 4, §19 of the Constitution.   p. 49.

3. INDICTMENT.—*Where the acts that will constitute a criminal offense are stated in the statute, an affidavit charging the offense in the language of the statute is sufficient.*—Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge a violation in the language of the statute.   p. 49.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Joe Fronczak was convicted of maintaining a liquor nuisance, and he appeals. *Affirmed.*

*Sambor & McDaniel,* for appellant.

*U. S. Lesh,* Attorney-General and *Ethan A. Miles,* for the State.

GEMMILL, J.—Appellant was prosecuted on an affidavit in three counts in which he was charged with various violations of the prohibition law. He was found guilty on count two of the amended affidavit of maintaining a common nuisance, which offense is defined in §20 of ch. 4 of the Acts of 1917, §8356t Burns' Supp. 1921. Overruling his motion for a new trial and overruling his motion in arrest of judgment are assigned as errors.

The causes for a new trial are that the finding of the court is not sustained by sufficient evidence and that

the finding is contrary to law.   Appellant's brief
1.   does not comply with that part of Rule 22 of this
court which provides that when the insufficiency
of evidence is assigned, the brief shall contain a con-
densed recital of the evidence in narrative form.   If
an appellant fails to recite in his brief the substance
of the evidence given on the trial, he waives all errors
that are claimed to have been made in connection with
the evidence.   *City of Richmond* v. *Lincoln* (1906),
167 Ind. 468, 79 N. E. 445; *Ireland* v. *Huffman* (1909),
172 Ind. 278, 88 N. E. 508; *Carmody* v. *State* (1912),
178 Ind. 158, 98 N. E. 870; *Bradley* v. *Onstott* (1914),
180 Ind. 687, 103 N. E. 798; *Wallace* v. *Shoemaker*
(1924), 194 Ind. 419, 143 N. E. 285.   The finding of
the court is not contrary to law.   It is not shown that
there was error in overruling the motion for a new trial.

In support of his motion in arrest of judgment, ap-
pellant contends that the section upon which the prose-
cution is predicated is unconstitutional and void
2.   because it is in contravention of Art. 4, §19 of
the Constitution of Indiana, which provides that
every act shall embrace but one subject and matters
properly connected therewith, which subject shall be
expressed in the title.   This court has held 'that the
provisions of §20, *supra,* are covered by the title and
that said section is not contrary to the state Constitu-
tion, as claimed by appellant.   *Alyea* v. *State* (1925),
196 Ind. 364, 147 N. E. 144; *Polsinelli* v. *State* (1925),
196 Ind. 569, 147 N. E. 918; *Perrone* v. *State* (1925),
196 Ind. 384, 148 N. E. 412.

Count 2 of the affidavit follows the language of the
statute.   Where a statute defines a crime and states
what acts shall constitute a violation thereof, it
3.   is sufficient to charge the offense in the language
of the statute.   *Anderson* v. *State* (1924), 195

Ind. 329, 145 N. E. 311; *Hunt* v. *State* (1925), 195 Ind. 585, 146 N. E. 329; *Jalbert* v. *State* (1925), 196 Ind. 81, 147 N. E. 149; *Berry* v. *State* (1925), 196 Ind. 258, 148 N. E. 143. The court did not err in overruling the motion in arrest of judgment.

Finding no reversible error, the judgment is affirmed.