BOSWORTH *v.* STATE OF INDIANA.

[No. 13,608. Filed April 17, 1929.]

*Staff & Staff* and *Featherngill & Drybread,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—This was a prosecution upon affidavit filed in Johnson Circuit Court against the appellant for the unlawful sale of intoxicating liquor to one John Solenberg. The affidavit was signed by one Mack Holliday, prosecuting witness, and it was shown that the appellant was an unlicensed drug clerk working in what is known as "Stephenson's Drug Store" in the city of Franklin, Indiana.

John Solenberg came into the drug store on July 20, 1925, and walked up to the counter behind which the appellant was standing, laid down a dollar on the counter and appellant reached under the counter and procured a bottle that was already wrapped and handed it to said Solenberg, who put it in his pocket and walked out of the store. At the time of the purchase, it was evident that Solenberg was under the influence of intoxicating liquor. Halliday was a police officer in the city of Franklin, and followed John Solenberg down the street, together with one Lum Harrison, and took the bottle away from Solenberg. The bottle was not labeled in any manner. The contents of the bottle proved to be Jamaica ginger and, upon examination, it was found to contain eighty-one and fourteen-hundredths percent alcohol and seven and four-tenths percent volatile oil of ginger. Solenberg had bought Jamaica ginger of the same kind and character from the appellant on previous occasions,

and, on the facts stated above, the jury could reasonably infer that the Jamaica ginger was reasonably likely or intended for beverage purposes.

Section 4, ch. 48, Acts 1925, §2717 Burns 1926, reads as follows: "It shall be unlawful for any person to purchase, receive, manufacture, transport, ship, possess, sell, barter, exchange, give away, furnish, or otherwise handle or dispose of any intoxicating liquor except as authorized by this act," etc.

The affidavit is substantially in the language of the statute and the motion to quash said affidavit was, therefore, properly overruled. *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141; *Jalbert* v. *State* (1925), 196 Ind. 81, 147 N. E. 149.

Appellant also complains of instruction No. 14, wherein the court instructed the jury that: "If the defendant in this case was not a licensed pharmacist at the time charged in the affidavit, then he had no right under the law to sell for medicine or for medical purposes any drink or mixture containing as much as one-half of one per cent. of alcohol by volume or any preparation of like alcoholic content, reasonably likely or intended to be used as a beverage." The law permits only licensed pharmacists to sell intoxicating liquors, and then under the restrictions imposed by statute. §§2715 and 2726 Burns 1926. The appellant was not a licensed pharmacist; therefore he could not legally sell intoxicating liquor. And we hold that said instruction correctly states the law.

The evidence is sufficient to sustain the verdict of the jury.

Judgment affirmed.