HOOVER *v.* STATE OF INDIANA.

[No. 25,244. Filed October 29, 1931. Rehearing denied February 23, 1932.]

*Lorin H. Kiely* and *Henning & Youngblood,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* for the State.

MYERS, J.—In the court below, appellant was charged by affidavit, tried and convicted of transporting intoxicating liquor in an automobile. Acts 1925 p. 144, §7, §2720 Burns 1926. The errors assigned in this court challenge the action of the trial court in overruling appellant's motion to quash the affidavit and in overruling his motion for a new trial.

Appellant insists that the affidavit does not state facts sufficient to constitute a public offense, nor state the offense with sufficient certainty, for the reason it fails to allege that he "knowingly" transported intoxicating liquor, citing *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747, and *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341, and cases from other jurisdictions. The statute defining the offense and the affidavit in the *Simpson Case,* and the statute defining the offense and the affidavit in the instant case, in so far as any question of pleading is involved, are the same. In the former case, the affidavit was challenged for failure to allege that the act was "feloniously" done, while in the instant case, the affidavit is challenged for failure to state that the act was "knowingly" done. In the *Simpson Case,* it was held that, inasmuch as the statute defining the crime did not use the word "feloniously," nor imply that the act prohibited must be done with felonious intent, such omission would not make the affidavit bad, since it described the alleged offense in the language of the statute. The indictment in the *Howard Case* on appeal was not questioned. The judgment in that case was reversed for want of evidence connecting Howard with the liquor found in the car. In the present case, it is claimed that, in order to charge a public offense or an offense with sufficient certainty, as defined by §2720, *supra,* the indict-

ment or affidavit must state that the act forbidden was "knowingly" done. The affidavit at bar charges that "Charles Hoover. . . . did then and there unlawfully and feloniously transport intoxicating liquor in an automobile, to wit: a Ford coupe, then and there, etc." The statute defines the offense in question as follows: "Any person who shall transport intoxicating liquor in or upon any . . . automobile . . . shall be guilty of a felony," etc. It will be noticed that the word "knowingly" is not used in the statute defining the offense, and further that the affidavit charges the offense in the language of the statute. This form of pleading has been approved many times by this court when the statute defines the crime and states what acts shall constitute a violation thereof. *Fronczak* v. *State* (1925), 197 Ind. 48, 149 N. E. 725; *Anderson* v. *State* (1924), 195 Ind. 329, 145 N. E. 311; *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514. The statute forbids the transportation of intoxicating liquor in an automobile, and the affidavit charged appellant with unlawfully doing the forbidden act, and is therefore sufficient to include guilty knowledge. The motion to quash was properly overruled.

Noticing the properly assigned causes for a new trial, our attention is first directed to the admission of certain evidence over appellant's objection, which is the controlling question presented by this motion. The court permitted the State to introduce in evidence a gallon can of alcohol taken from the automobile being driven by appellant. The officers were without the authority of a search warrant. The objection to this evidence was upon the theory that the search of the car was without probable cause. The entire evidence in this case consisted of the testimony of three officers and a tin can containing a gallon of alcohol which tested 160 proof or 80 per cent alcohol by volume. One of the officers testified that he was informed

by Hugh Fields, who theretofore had given him correct information concerning liquor violations, that on a certain evening, a quantity of liquor would be delivered at the rear of 102 Ninth Street in Evansville; that, about 7 o'clock in the evening, he and two other officers stationed themselves at points where they could observe the place where the liquor was to be delivered. About 15 minutes later, a Ford coupe turned into the alley off of Vine Street and stopped at the rear of 102 Ninth Street; as the car turned into the alley, the lights on it were turned out. As soon as the car stopped, some one got out of it, carrying a tin can into the barn. The officers immediately approached the car, one pursuing the person with the tin can to the rear door of the house which was "slammed in my (the officer's) face." At the appearance of the officers, appellant started to drive away, when one of them jumped upon the running board of the car and stopped him. The door of the car at the right of the driver was open, and the can of alcohol obtained by the officers was on the floor in the front of the car at the right of the driver in plain view of the officer on the running board. These circumstances and others unnecessary to recount in this opinion were amply sufficient to justify the officers in the belief that a felony was being committed, and probable cause for the arrest and search of appellant, and, if need be, the car he was driving. *Budreau* v. *State* (1925), 197 Ind. 8, 149 N. E. 442; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Dailey* v. *State* (1924), 194 Ind. 683, 144 N. E. 523.

Having determined that the admission of the can of alcohol in evidence and the testimony given by the officers was competent evidence, the finding of the court was therefore sustained by the evidence and not contrary to law.

Judgment affirmed.