CITY OF RICHMOND v. LINCOLN, ADMINISTRATRIX.

[No. 20,864. Filed December 13, 1906.]

1. MUNICIPAL CORPORATIONS. — *Negligence.* — *Electric Lights.* — *Operation.*—Cities are liable for negligence in the operation of electric light plants used to furnish light for such cities and for commercial purposes. *Aiken* v. *City of Columbus, ante,* p. 139, followed. p. 470.

2. MUNICIPAL CORPORATIONS. — *Negligence.* — *Electric Lights.*— Cities are liable for negligence in the operation of their electric light plants, although such plants are controlled by boards of electric light commissioners appointed by such cities' councils by virtue of §§3543a-3543g Burns 1901, Acts 1901, p. 423, such boards being amenable to, and removable at the will of, such councils (§3536 Burns 1901, §3101 R. S. 1881). p. 470.

3. APPEAL AND ERROR.—*Briefs.*—*Evidence.*—Failure of appellant to set out in its brief on appeal the evidence or a condensed recital thereof waives any question thereon. p. 471.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by Emma Lincoln, as administratrix of the estate of William M. Lincoln, deceased, against the City of Richmond. From a judgment on a verdict for plaintiff for $5,000, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Mark E. Forkner* and *Robbins & Starr,* for appellant.

*Thomas J. Study, Wilfred Jessup, W. O. Barnard* and *W. E. Jeffrey,* for appellee.

MONKS, J.—This action was brought by appellee to recover damages for the death of William M. Lincoln, alleged to have been caused in the year 1903 by the negligence of appellant "in the management and operation of its electric light plant, erected, maintained and operated to furnish electricity with which to light the streets of said city and to supply the inhabitants thereof with electricity for domestic and commercial purposes for pay." A demurrer to the complaint for want of facts was overruled. A trial of said cause resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

The errors assigned call in question the action of the court in overruling (1) the demurrer to the complaint, and (2) the motion for a new trial.

Counsel for appellant contend that appellant, "in operating its municipal lighting plant for municipal and com-

mercial purposes, acted under the police power in the discharge of a governmental duty, and is not liable in damages for the negligent discharge of this duty." Since the filing of appellant's brief in which this contention is made, this court has held to the contrary in *Aiken* v. *City of Columbus* (1906), *ante,* 139. See, also, *Esberg Cigar Co.* v. *City of Portland* (1899), 34 Ore. 282, 55 Pac. 961, 43 L. R. A. 435, 75 Am. St. 651, and cases cited; note to *Carson* v. *City of Genesee* (1903), 108 Am. St. 127, 140-145, 166-169, 174; *Rhobidas* v. *Concord* (1899), 70 N. H. 90, 47 Atl. 82, 85 Am. St. 604, and cases cited, and note pp. 617, 618, 51 L. R. A. 381; *Dickinson* v. *City of Boston* (1905), 188 Mass. 595, 75 N. E. 68, 1 L. R. A. (N. S.) 664; *Tindley* v. *City of Salem* (1884), 137 Mass. 171, 50 Am. St. 289; *Hand* v. *Inhabitants of Brookline* (1879), 126 Mass. 324; *City of Chicago* v. *Selz, Schwab & Co.* (1903), 202 Ill. 545, 67 N. E. 386, and cases cited; 1 Smith, Mun. Corp., §§775-783; 20 Am. and Eng. Ency. Law (2d ed.), 1193-1198; 3 Abbott, Mun. Corp., pp. 2254, 2255; 2 Cooley, Torts (3d ed.), 1011-1014.

It is next insisted by appellant that as it had placed its electric light plant in the hands and under the control of electric light commissioners, under the act of 1901 (Acts 1901, p. 423, §§3543a-3543g Burns 1901), it was not liable for the negligence of such commissioners or their employes. The members of the board of electric light commissioners under said act were appointed and their compensation fixed by the common council of appellant, and they were amenable to, and subject to removal by, said common council for a failure to perform their duty to the city in managing and operating said plant. §3536 Burns 1901, §3101 R. S. 1881 and Horner 1901; *Muhler* v. *Hedekin* (1889), 119 Ind. 481. Said board of electric light commissioners was appointed by the common council under said act for the benefit of appellant, and, in

the management and operation of its electric light plant, said board acted for and on behalf of, and represented, said city, and was not an independent body acting for itself. Not being an independent body, but acting for and representing the city, the city is liable for the negligence of said board, within the rule as to municipal liability for an officer's negligence. 1 Smith, Mun. Corp., §§775-783; *Pettengill* v. *City of Yonkers* (1889), 116 N. Y. 558, 564, 565, 22 N. E. 1095, 15 Am. St. 442; *Ehrgott* v. *Mayor, etc.* (1884), 96 N. Y. 264, 48 Am. Rep. 622; *Bailey* v. *Mayor, etc.* (1842), 3 Hill (N. Y.) 531, 38 Am. Dec. 669; *Mayor, etc.,* v. *Bailey* (1845), 2 Denio (N. Y.) 433; *Rhobidas* v. *Concord, supra;* note to *Carson* v. *City of Genesee* (1903), 108 Am. St. 127, 164-168. See, also, *Esberg Cigar Co.* v. *City of Portland, supra.*

It is next insisted by appellant that no recovery can be had in this action on account of the contributory negligence of the deceased. Appellee contends that "appellant, by failing to set out in its brief a condensed recital of the evidence in narrative form on this issue and the causes for a new trial, has waived the determination" of said question. This contention of appellee must be sustained. We have, however, examined and considered the evidence bearing on said question, and are of the opinion that the same was properly submitted to the jury for their determination.

Judgment affirmed.