BORGMAN, TREASURER, ET AL. *v.* CITY OF FORT WAYNE.

[No. 27,089. Filed January 31, 1939. Rehearing denied February 27, 1939.]

*Omer S. Jackson,* Attorney General, and *Urban C. Stover,* Deputy Attorney General, and *R. L. Parrish,* County Attorney, for appellants.

*Walter Helmke, George H. Leonard,* and *Douglass & Helmke,* for appellee.

TREMAIN, C. J.—This action was filed by the City of Fort Wayne against Clifford H. Borgman, Treasurer of Allen County, and others to enjoin the taxing officers from levying and collecting a tax on the electric light and water plants owned by the city for 1934 and subsequent years. The defendants filed a demurrer to the complaint, which was overruled. They excepted to the ruling, refused to plead further, and appealed to this court.

It is the position of the appellants, defendants below, that all questions presented upon this appeal were fully and completely decided by this court in the case of *DeHaven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. (2d) 184. They, therefore, insist that no new question is presented by this appeal, and that the DeHaven case is controlling.

That case holds that section 16 of chapter 190, Acts 1933, does not violate Article 4, section 19, of the Constitution of the State of Indiana; that said section 16 is not invalid because it amends section 106, chapter 76, Acts 1913, for the reason that section 106 is not repealed by implication by chapter 169, Acts 1929. The DeHaven decision further decides that the method of

assessing the utility property for taxation is regular and valid, and that the part or proportion of the utility plants used in supplying electric power and water to the public for a consideration is not exempt from taxation. A review of the DeHaven case fully confirms the correctness of that decision, and no reason appears why there should be a review of the questions therein decided.

It is the appellee's contention that, in addition to the questions decided in the DeHaven case, the position taken by the appellants in their attempt to assess the utilities for taxation violates Article 10, section 1, of the State Constitution, which provides that:

"The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for *municipal*, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law." (Our italics.)

The appellee's theory is that all property owned by the city is exempt from taxation under chapter 59, Acts of 1919, section 64-201 Burns' Ind. St. 1933, §15518 Baldwin's 1934. That section does provide that "the property of any county, city, town or township" shall be exempt from taxation. Appellee, therefore, asserts that because of this provision, all property municipally-owned is exempt from taxation regardless of its use.

The position of the appellee must fail because of its misconception of the meaning and effect of clause (d), section 16, chapter 190, Acts 1933, section 54-610 Burns' Ind. St. 1933, §14027 Baldwin's 1934. That clause provides:

"The property of any municipally-owned utility

shall be subject only to such taxes as are assessed against other property for state and county purposes and such property shall be assessed for taxation in the same manner as the property of public utilities is assessed and such taxes shall be paid out of the income of such municipally-owned utility; Provided, however, That no municipally-owned utility shall be subject to such state, and county taxes payable in 1934; And provided further, That any municipally-owned and operated utility, used exclusively for the furnishing of utility service to such municipality itself, for its own municipal purposes, or any part of the valuation of any municipally-owned and operated utility which may be determined by the public service commission, to be reasonably allocated to the furnishing of service to such municipality itself for its own municipal purposes, shall not be subject hereunder to the payment of any taxes whatsoever."

The fault with the appellee's position is that it fails to take into consideration that section 16, chapter 190, Acts 1933, does not violate Article 4, section 19, of the Constitution of Indiana, and also fails in its position as to the repeal by implication of the 1913 act. *DeHaven v. Municipal City of South Bend, supra.* It cannot be denied that the 1933 act makes the City of Fort Wayne liable for state and county taxes on its property used in a proprietary capacity.

The appellee recognizes that Article 10, section 1, of the Constitution places a limit on the kind of property that may be exempted from taxation by the the General Assembly, but asserts that the General Assembly has specifically and definitely exempted the property of municipalities by chapter 59 of the Acts of 1919, section 64-201 Burns' Ind. St. 1933, §15518 Baldwin's 1934. Or, it asserts that prior to the adoption of section 16, chapter 190, Acts 1933, no municipally-owned property was subject to taxation. It must not be overlooked that Article 10, section 1, provides for the assessment of all property for taxation except that which

is "specially exempted by law." The utilities involved in this action are not exempted, but specifically made subject to levy for taxation for state and county purposes.

The appellee's complaint is in two paragraphs. One deals with the electric light property and the other with the water plant. The theory of both paragraphs is based on the proposition that the decision in the DeHaven case is not based on correct principles of law and should be overruled. As stated above, this court, upon a review, finds no reason to deviate from the holding in that case. Since the court recognizes the soundness of that opinion, it necessarily follows that the appellee's position must fail as to the questions there and here decided.

In addition, there is no allegation in the complaint that the property taxed was not valued by the state tax board upon the same basis that other like utility property was appraised, whether it be privately or municipally owned. The Constitution merely places a limit upon the kind of property that may be exempted by the General Assembly. Municipal property which is exempt from taxation by an enactment of the Legislature is such property only that is devoted to governmental purposes. The decisions of Indiana place the question of exemption from taxation upon the use to which the property is put, and not on the title by which it is held. *Stark* v. *Kreyling* (1934), 207 Ind. 128, 188 N. E. 680; *The Travelers' Insurance Co.* v. *Kent et al.* (1898), 151 Ind. 349, 50 N. E. 562, 51 N. E. 723.

There is no law that exempts municipally-owned property from taxation simply because it is owned by a city or town. The general tax laws provide that all property within the jurisdiction of the state, "not expressly exempted, shall be subject to taxation." Sec-

tion 64-103 Burns' Ind. St. 1933, §15516 Baldwin's 1934.

Section 16, chapter 190, Acts 1933, is declaratory of what the law had always been. That act specifically provides for taxation of municipally-owned property held in a proprietary capacity. The theory that municipal property should not be taxed contemplates only that property which is devoted entirely to governmental purposes. In the case at bar it includes both electricity and water furnished from the municipal plants for the use of the city, such as lighting the streets, public buildings, and parks, and furnishing water for all public purposes. Property owned by the city used in a proprietary business enterprise—that is, sale to consumers for a consideration—is regarded by the law the same as property owned by any individual or business corporation. *City of Logansport* v. *Public Service Comm.* (1931), 202 Ind. 523, 177 N. E. 249; *Public Service Co. of Ind.* v. *City of Newcastle* (1937), 212 Ind. 229, 237, 8 N. E. (2d) 821.

With these considerations in mind it clearly appears that the lower court erred in overruling appellant's demurrer to plaintiff's complaint. It is therefore ordered that this cause be reversed, with instructions to the trial court to sustain the demurrer.